## Gerstner v. Ayers et al.

*School law—Misfeasance and nonfeasance of directors—Individual liability of directors—Care of grounds—Injury to pupil—Act of May 18, 1911.*

1. Members of school boards are officers of a quasi-municipal corporation.

2. Such members are not individually liable for an injury to a pupil because they failed to put the school grounds "in a neat, proper and sanitary condition, and so maintain the same," as provided by the School Code of May 18, 1911, art. vi, § 626, P. L. 309.

Trespass for injuries to a child. Motion for judgment n. o. v. C. P. Northampton Co., Nov. T., 1923, No. 26.

*Smith & Paff*, for plaintiff; *H. A. Hillyer* and *A. Seip*, for defendants.

McKEEN, J., May 3, 1926.—After the jury returned two verdicts in favor of plaintiff, one in his own right and the other as father and next friend of his son, Frank P. Gerstner, the defendants filed a motion for judgment n. o. v. on the whole record under the Act of 1905. Defendants filed a number of reasons in support of the motion, only one of which, however, need be considered.

The evidence discloses that Frank P. Gerstner, a minor son of plaintiff, was a pupil at the Vanderveer School Building in the School District of the City of Easton. In the original purchase by the district of a lot on which the Venderveer School Building was erected, certain ground about the building was provided. On March 12, 1920, the school district, by corporate action, condemned an abutting and adjacent piece of property, known as the Steckel lot. It appeared from the evidence, although contradicted by plaintiff, that pupils of the third grade, among whom plaintiff's son was a member, were instructed where to conduct their play, upon grounds confined within the boundaries of the original Vanderveer tract, during recess periods. On Oct. 17, 1922, several of the boys in this school, including plaintiff's son, went

Gerstner *v.* Ayers et al.

upon the Steckel lot, beyond the boundary of the Vanderveer lot, to play a game called "Bull-break." When the recess period was over and the whistle for the resumption of school was sounded, these boys ran toward the school building, plaintiff's son bringing up the rear. While so doing, he saw a wire, of which he took hold to push it back, whereupon the wire rebounded, struck him in the eye and injured it, resulting in its final loss to him. The evidence is that the wire in question was seen upon the Steckel lot by at least two witnesses for a period of from ten days to two weeks prior to the accident. There is no testimony to show that any one or more of the members of the board of directors had knowledge of the existence of the wire upon the Steckel lot. There is no testimony to show that the supervisor of grounds in the employ of the School District of the City of Easton had knowledge of the existence of the wire on the Steckel lot. It further appears that the supervisor of grounds, after the condemnation and acquisition by the school district of the Steckel lot, at various times, had men on the grounds cleaning up same and removing rubbish found thereon.

The action brought by plaintiff was based upon the provisions of the Act of May 18, 1911, art. VI, § 626, P. L. 309, which reads as follows: "The board of school directors of each school district shall put the grounds about every school building in a neat, proper and sanitary condition, and so maintain the same, and shall provide and maintain a proper number of shade-trees." The action was not brought against the school district for the negligence of the employees, agents or servants of the school district, and is not an action arising out of a common law duty imposed either on the school district or any servant, agent or employee acting on its behalf. The plaintiff contended at the trial of the case that the injunction imposed upon the board of school directors in each district "to put the grounds about every school building in a neat, proper and sanitary condition, and so maintain the same," by article VI, section 626 of the act, is mandatory, and a failure to perform the statutory duty imposed would make them individually liable. Further, that the statutory duty imposed could not be delegated to any one else but the members of the board of directors. The case was submitted to the jury under plaintiff's theory, and in determining whether the plaintiff was entitled to the verdict rendered consideration must be given to the statutory provisions regulating the public school system of the State of Pennsylvania. The Constitution of Pennsylvania provides in article X, section 1: "The general assembly shall provide for the maintenance and support of a thorough and efficient system of public schools, wherein all the children of this Commonwealth above the age of six years may be educated, and shall appropriate at least one million dollars each year for that purpose." Following this injunction upon the legislative branch of the government, various legislative enactments were made until May 18, 1911, when an act of assembly codifying all school laws was enacted (P. L. 309), section 1 of which reads as follows: "Be it enacted, &c., that a public school system be, and hereby is, established in the Commonwealth of Pennsylvania, subject to the provisions of this act as follows:"

Article I, section 101, provides: "Each city . . . shall constitute a separate school district, to be designated and known as the 'School District of ————' . . ."

Article II, section 201, P. L. 317, of the School Code provides that "The public school system established by this act shall be administered by a board of school directors in each school district. . . ." Under this article there follows a provision classifying the various districts in the Commonwealth, providing qualifications and method of election of school directors and the filling

of vacancies. Section 224 of article II provides that the directors shall serve without pay. Under article II, the method of organization and the meetings of the board and the duties of the officers of the board are provided.

Under article IV, section 401, the duties and powers of the board of school directors are set forth and provided to be done "in compliance with the provisions of this act," which, "when established, shall be an integral part of the public school system in such school district, and shall be so administered." Section 404 provides: "The board of school directors in every school district in this Commonwealth may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers and other appointees or employees during the time they are engaged in their duties to the district. . . ."

Under article VI, the manner in which the "grounds and buildings" shall be acquired, established and maintained is provided, and section 626 thereof provides: "The board of school directors in each school district shall put the grounds about every school building in a neat, proper and sanitary condition, and so maintain the same, and shall provide and maintain a proper number of shade-trees."

The school system of the Commonwealth of Pennsylvania, under the Constitution and School Code, is a quasi-municipal corporation and partakes of the nature of a public charity. In the School District of the City of Erie *v.* Fuess, 98 Pa. 600, Mr. Justice Trunkey held: "School districts are corporations of lower grade and less power than a city, have less the characteristics of private corporations and more of a mere agent of the State. They are territorial divisions for the purposes of the common school laws, and their officers have no powers except by express statutory grant and necessary implication, and these are for the establishment and maintenance of the public schools. The common school system partakes much of the nature of a public charity, extends over the whole State, is sustained by the public moneys, and the directors, who devote much time and labor for the public benefit, receive no compensation for their services. Unless exempted by the act of incorporation or by law, a private corporation is liable for the wrongful acts and neglects of its officers done in the course and within the scope of their employment, the same as a natural person is for the acts and neglects of his servant or agent. A less stringent rule applies to public corporations, and least stringent of all should be applied to school districts, whose officers have limited and defined powers in a system exclusively for the free education of the children of the Commonwealth. The directors, as a board, must exercise their powers—the board may make contracts, may authorize a committee to make a contract, and may appoint an agent for a proper and specific purpose. One or more of the directors, without authority from the board, can make no contract binding upon the district, cannot change a contract, can do no act fixing the district for a liability."

There can be no liability of a school district in Pennsylvania for the neglect of school directors. In Ford *v.* Kendall Borough School District, 121 Pa. 543, Mr. Chief Justice Gordon held: "A school district is but an agent of the Commonwealth, and as such a quasi-corporation for the sole purpose of administering the Commonwealth's system of public education; it is, therefore, not liable for the negligence of school directors or of their employees."

The question of individual liability of school directors for failure to perform a statutory duty, as raised in the case at bar, has never been judicially determined in Pennsylvania. The action is not an action against the school district

for the neglect of the employees, agents or servants of the school district, and it is not an action arising out of a common law duty imposed on the school district or any servant, agent or employee acting in its behalf. The plaintiff has not invoked the doctrine of *respondeat superior*, but contends that the board of school directors are individually liable for the neglect of a non-delegable duty imposed upon the board of directors, and from which non-delegable duty nothing but performance can discharge the board.

Under this theory, the question arises: Have the members of the board of school directors, the defendants, been guilty of malfeasance, or misfeasance, or nonfeasance in office and of a public duty so as to constitute neglect for which they are liable in damages?

Malfeasance exists where there is an unjust performance of some act which the party had no right or which he had contracted not to do. It differs from misfeasance and nonfeasance. Misfeasance exists where the performance of an act which might lawfully be done is performed in an improper manner, by which another person receives an injury. Nonfeasance is the non-performance of such act which ought to be performed. When a legislative act requires a person to do a thing, its nonfeasance will subject the party to punishment. Misfeasance differs from malfeasance or nonfeasance. Misfeasance is the wrongful and injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner, while malfeasance is the doing of an act which is positively unlawful or wrongful. It seems to be settled that there is a distinction between misfeasance and nonfeasance in the case of mandates. In cases of nonfeasance the mandatory is not generally liable, because his undertaking being gratuitous, there is no consideration to support it; but in cases of misfeasance the common law gives a remedy for the injury done, and to the extent of that injury: Bouvier's Law Dictionary (8th ed.), 2067, 2224, 2356.

From the evidence and the definitions quoted, it cannot be held that the members of the board of school directors are guilty either of malfeasance or misfeasance in office of their performance of the duty enjoined upon them as school directors to " to put the grounds . . . in a neat, proper and sanitary condition, and so maintain the same." The most that can be charged by plaintiff is the omission to perform a duty, that is, nonfeasance, if it be a duty, under the language of the act, to maintain the grounds "in a neat, proper and sanitary condition," that the wire involved in this case be removed.

Under the authorities, a member of the school board is an officer of a quasi-municipal corporation. In 1 Dillon on "Municipal Corporations" (5th ed.), § 436, the following appears: "In considering the liability of a municipal officer for his acts or conduct, a distinction has sometimes been drawn between grievances which are founded upon a failure or omission to perform a duty, *i. e.*, nonfeasance, and negligence or tortious conduct in the manner of performing his duty, *i. e.*, misfeasance or malfeasance. In many of the states the rule is adopted that for mere nonfeasance of a public duty, an officer is not impliedly liable to any person sustaining injury therefrom. For mere non-performance of a public duty, relating strictly to public as distinguished from municipal duty, no action lies unless given by statute against either the municipality or the officers upon whom the public duty is placed, although the non-performance may result in damage to an individual."

The statute law of the Commonwealth of Pennsylvania is silent as to the individual liability of a board of school directors for nonfeasance in office, nor is there any rule laid down by the authorities which eliminates any distinction between nonfeasance and misfeasance and makes public and municipal officers

Gerstner *v.* Ayers et al.

liable *in personam* to persons suffering damage for both nonfeasance and misfeasance.

Further, it cannot be held under any possible interpretation of the School Code that the board of school directors would have any power or authority as individuals to enter into any contract or direct any employee, agent or teacher. Nor could they perform any duty imposed by the School Code otherwise than by official action as a board of school directors. Under this interpretation, the objects and purposes of the School Code must be borne in mind so as to effectuate the spirit of the intent. Article II, section 201, of the Code provides: "The public school system established by this act shall be administered by the board of school directors in each school district." The duties set forth in section 626 of the School Code "to put the grounds about every school building in a neat, proper and sanitary condition, and so maintain the same," is imposed upon school directors as an administrative act to be carried out by school directors as agents of the Commonwealth, and not as individuals, in the administration of its school system.

To hold otherwise would not only be contrary to public policy, but would result in serious difficulties in the administration of the public school system of Pennsylvania as it now exists.

And now, May 3, 1926, motion for judgment *non obstante veredicto* is granted and rule made absolute, and judgment is directed to be entered on the verdicts in favor of defendants upon payment of the jury fee, and the evidence taken upon the trial is certified and filed and made part of the record.

From Henry D. Maxwell, Easton, Pa.