## Termination of Teachers' Contracts

MARGIOTTI, Attorney General, April 29, 1937.—You request to be advised as to the effect of section 6 of the Act of April 6, 1937, no. 52, which amends certain sections of the School Code of May 18, 1911, P. L. 309, appertaining to the contract of employment between the school district and the teacher. The particular question involved is the effect of the amendment on notices of termination of contract in effect on the date of the enactment of the act. Section 1205 of the School Code, previous to amendment, provided that a teacher's contract could be terminated by the board by official written notice presented to the teacher 60 days before the close of the school term.

Section 6 provides:

"No contract in effect at the enactment of this act shall be terminated, except in accordance with the provisions of this act."

This question requires a consideration of section 1205 of the School Code, as amended, as it existed prior to the 1937 amendment, which provides, in part:

". . . that this contract shall continue in force year after year . . . unless terminated by the . . . Board of School Directors by official written notice presented to the teacher sixty days before the close of the school term".

This opinion does not in any way involve the dismissal of a teacher for cause during the term, as authorized by the act, but does cover the termination of the contract at the close of the school term.

Under the decision of Potts v. Penn Township School Dist., 20 Westm. 163, in which the court quoted De Vere Ford v. Kendall Borough School Dist., 121 Pa. 543, it was held:

". . . a school district is but an agent of the commonwealth, and as such a quasi-corporation for the sole purpose of administering the commonwealth's system of public education".

Accordingly, when the legislature, by statute, changed the procedure for the dismissal of a teacher, such change can be compared to a change in the instructions and authority by a principal to an agent, which changes his method of doing business.

The legislature, by the amendment of April 6, 1937, provided that the only valid causes for termination of a contract shall be such causes as are set forth in the amendment. The law, as amended, is deleted of the 60-day notice required to terminate a contract. The effect of such deletion is that all contracts shall continue in force year after year, but with the right of the board of school directors to terminate such contract for cause by official written notice presented to the professional employe. Such notice shall give the professional employe an opportunity to be heard within 10 days, if so requested in writing by such employe. The amendment itself gives the

various grounds upon which such termination shall be made.

As to the intent of the amendment, it is the general rule of interpretation that the intention of the legislature is invariably to be accepted and carried into effect. If it admits of more than one construction, the true meaning is to be sought, first of all, in the statute itself as applied to the subject matter to which it relates, from the context viewed by such light as its history may throw upon it, and construed with the help of certain general principles, and under the influence of certain presumptions as to what the legislature does or does not generally intend: Endlich on Interpretation of Statutes, 92.

The undoubted intent of the legislature in enacting the amendment was to make a teacher's tenure of employment stable. We know of nothing in the discussion of this amendment before the legislature which would nullify this interpretation of this amendment, and the same is certainly in keeping with the spirit of the amendment.

We therefore advise you that in all cases where a contract with a professional employe, as defined in the amendment of April 6, 1937, is in effect on the said date, the termination of such contract can only be legally made by complying with the conditions as set forth in the said amendment and that the provisions of section 1205 prior to the amendment, which provided that the said contract could be terminated upon 60 days' notice, are nullified by the amendment. Accordingly the amendment served to supersede all notices of dismissal which had not become effective at the time of enactment. Therefore, contracts in effect upon the effective date of the act may only be terminated in accordance with its provisions.

From Frederic Ray, Harrisburg.