## Gettysburg School District, Appellant, *v.* Cumberland Township School District.

*School law—Payment for tuition—Pupils—Attendance in adjoining districts—Act of May 2, 1907, P. L. 158.*

Under the Act of May 2, 1907, P. L. 158, which provided that children who resided one and one-half miles or more from a school in the district in which they lived might attend a school more convenient in another district, and also provided that the district in which the children resided should pay for their tuition to the district of the school which they attended, and it appears that children of a district in which the school year was seven months attended a school in a district where the school year was nine months, the district of residence is bound to pay the district of attendance tuition for nine months and not tuition for seven months.

Argued March 11, 1912. Appeal, No. 20, March T., 1912, by plaintiff, from judgment of C. P. Adams Co., Aug. T., 1911, No. 43, for defendant on case stated in suit of Gettsyburg School District v. School District of Cumberland Township. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Cases stated to determine liability for cost of tuition. Before SWOPE, P. J.

The case turned on the construction of the Act of May 2, 1907, P. L. 158.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment on case stated for defendant.

*Donald P. McPherson,* for appellant.—In the absence of ambiguity or doubt, the court should and will give effect to the plain meaning of the words used according to their common interpretation: Butler County v. Liebold, 107 Pa. 407; Taylor v. Kelly, 80 Pa. 95; Palairet v. Snyder, 106 Pa. 227; Rodebaugh v. Phila. Traction Co.;

190 Pa. 358; Reimer Harrow Co. v. Rosenberger, 16 Phila. 191.

When the legislature has the power under the constitution to pass an act it is the sole judge of the necessity or expediency of the legislation and the court cannot refuse to enforce it on any ground whatever, as that it is unjust, unwise, inexpedient or obsolete, or because its operation is contrary to any supposed policy or custom: Com. v. Mohn, 52 Pa. 243; Sunbury & Erie R. R. Co. v. Cooper, 33 Pa. 278; Journeay v. Gibson, 56 Pa. 57; Speer v. School Directors, 50 Pa. 150; Com. v. Moir, 199 Pa. 534.

The school district of Cumberland township cannot complain of the construction of this act which might give two months more of schooling to her scholars attending the schools of the Gettysburg school district than that enjoyed by the other scholars resident in the school district of Cumberland township, because school districts are but agents of the commonwealth and subject to the will of the legislature: Erie School Dist. v. Fuess, 98 Pa. 600; Ford v. Kendall Boro. School Dist., 121 Pa. 543; Christiana Boro. School Dist. v. Sadsbury Twp. School Dist., 18 Pa. Dist. Rep. 358; Lansdale School Dist. v. Lower Salford School Dist., 18 Pa. Dist. Rep. 472.

*J. L. Butt,* for appellee.

OPINION BY HENDERSON, J., April 23, 1912:

Provision was made by the Act of May 8, 1854, P. L. 617, for the convenient accommodation in adjoining districts of pupils of the public schools where the proper schoolhouse is at a great distance or difficult of access, when the directors of such adjoining districts made an arrangement by which such pupils might be instructed in the most convenient school in the adjoining district, and it was made the duty of the directors to provide such accommodation. Attendance at school in an adjoining district was only permitted under this act when the directors agreed on the conditions and terms, but the

Act of May 2, 1907, P. L. 158, enlarged the opportunities of pupils inconveniently situated as to distance from the public schools of their respective districts by providing that "all children who reside one and one-half miles or more, by public road, from the nearest school in the district where they reside, may attend any school more convenient in any other district, without the consent of the directors or controllers of the district where they reside, or where they may attend, provided the consent of the directors or controllers of such other district be first obtained; and the district where such children reside shall be liable to the district where they may attend, for the costs of tuition, provided the cost of tuition shall not exceed the tuition of children in the schools and grades in the district receiving such non-resident children." Seven school children from the defendant district who lived one and one-half miles or more by public road from the nearest school in the district where they resided attended the public school in the borough of Gettysburg for the school years ending May 28, 1909, and May 26, 1910. The length of the school year in that borough in each of these years was nine months. The plaintiff having demanded tuition due for the period during which its schools were in session the defendant declined to pay for more than seven months, that being the length of the school year in the township. The case turns on the meaning to be given to the words "may attend any school more convenient in any other district." The object of the act is obvious and its language free from ambiguity. Some school children by reason of remoteness from the schoolhouses in the districts in which they live and proximity to schoolhouses in other districts are given the privilege of attending the nearer school. They are transferred for school purposes to the adjoining district because of the hardship to which they would be subjected in daily travel to the schoolhouse of the district in which they have their homes. There can be no doubt that the word "attend" means to be present at as pupils—to go to in the capacity of scholars—and

therefore to enjoy the privileges afforded by the schools of which they are thus authorized to be members. There is no restriction in the act as to the period during which they may attend such adjoining schools and no prevailing reason has been suggested to us why we should by judicial interpretation impose a limitation or restriction which the legislature has not imposed. The subject is one of legislative control. The school system of the commonwealth is in a sense a public charity. It is largely maintained by direct contributions from the commonwealth, and the local taxes raised for that purpose are public funds subject to legislative disposal. School districts are arranged for convenience of administration, and there must necessarily be more or less inequality in the condition and situation of the pupils. The children in a school district who are required to go a mile and one-half or more to school are at a great disadvantage in comparison with those whose homes are near to the schoolhouses. The school children in the rural districts are at a disadvantage in comparison with those in the towns where the school terms are longer and presumably the instructors are more experienced and the course of study more extensive. These inequalities cannot be entirely overcome in the nature of the case, but the legislature may improve the conditions to some extent at least as has been done by the act under consideration. The school which these children from Cumberland township attended had a term of nine months. That was the school to which the law permitted them to go, and we do not find anything in the statute nor in the situation of the parties which warrants us in concluding that at the end of seven months these boys and girls must be excluded from the near by schoolhouse. It is said to be unjust to the defendant that some of the children residing in that district receive school privileges at its expense for two months longer than the other pupils of the district, but to that reply may be made that a large part of the fund which the defendant uses for school purposes is a donation from the state, the use of which the

state has a right to direct.    Moreover, it cannot be said to be a greater hardship on the township to pay the tuition of the pupils for the additional two months than to require the latter to travel a mile and a half or more in the inclement weather of the school year to their home school. It is to be observed, too, that the course of study in the schools is arranged with reference to the length of the term, and the proficiency of the pupils is of course promoted by attendance for the whole term.    Promotions from grade to grade depend on the progress made.    If the children from the township are to be taken from the borough schools at the end of seven months it is apparent that their opportunity for advancement to higher grades would be greatly impaired, if not entirely destroyed and the advantage which was intended to be conferred on them by this act would be wholly defeated. But even if the legislation seemed to us inexpedient that is not a justification for writing into the statute a restriction or qualification not arising from very clear implication.    The expediency of an enactment is a legislative question over which we have no control.    The constitution imposes on the legislature the obligation to provide for the maintenance and support of a thorough and efficient system of public schools and as it has power to permit children living in one district to attend school in another under the same conditions and circumstances there go with this right of attendance granted all the privileges and advantages which the schools of the adjoining districts afford.    We are unable to concur with the learned court below.

The judgment is, therefore, reversed and judgment is now entered against the defendant and in favor of the plaintiff on the case stated for the sum of $196.50, with interest from May 10, 1911, the date on which the case stated was filed, and costs.