## Com. ex rel. Fye v. Burnside Township School District.

*School law—School privileges—Children residing with grandparent—Acts of May 18, 1911, May 20, 1921, and April 30, 1925—Mandamus.*

1. Under section 1402 of the School Code of May 18, 1911, P. L. 309, as amended by the Acts of May 20, 1921, P. L. 1032, and April 30, 1925, P. L. 378, a grandfather who keeps his grandchildren in his home and supports them gratis, as if they were his own, may mandamus the school authorities of the district in which he lives to admit such children into a school of the district.

2. In such case, it is immaterial that the parents of the children reside in a neighboring county and are able to care for and maintain their children.

3. Before accepting such children, the school board may require the grandfather to file with their secretary the affidavit mentioned in the amendment to section 1402 of the School Code.

Mandamus to compel the acceptance of pupils within a school district. C. P. Centre Co., Dec. T., 1925, No. 102.

*S. D. Gettig* (with him *John J. Bower*), for plaintiff.

*J. Kennedy Johnston*, for defendant.

KELLER, P. J., Aug. 21, 1926.—This case comes before the court upon the petition of one H. H. Fye, a resident and taxpayer of Burnside Township, Centre County, Pennsylvania, praying for a writ of mandamus upon the president, secretary and other members of the school board of the school district of said township, commanding them, their agent, teacher and employees, to admit Archie Fye and Merrell Fye to the school located at Germania, in said school district, to receive their education there, as required by the laws of Pennsylvania, or show cause why they should not do so, which said petition was presented to the court and filed Nov. 17, 1925, and upon which date an alternative writ of mandamus was awarded by Hon. Arthur C. Dale, then judge of this court. An answer was filed by the respondent denying that the said Archie Fye and Merrell Fye had a legal residence for school purposes in Burnside Township, and praying that said writ be dismissed at the costs of the relator. Later, testimony was taken before the court, which has been filed in the record.

Com. ex rel. Fye v. Burnside Township School District.

The determination of this proceeding depends upon the construction of the School Code (Act of May 18, 1911, P. L. 309), and especially of sections 1401 and 1402 (as amended by the Acts of May 20, 1921, P. L. 1032, and of April 30, 1925, P. L. 378).

These sections are as follows:

"Section 1401. Every child, being a resident of any school district in this Commonwealth, between the ages of six and twenty-one years, may attend the public schools in his district, subject to the provisions of this act."

"Section 1402. A child shall be considered a resident of the school district in which his parents or the guardian of his person resides. If any child has no parents or guardian of his person, then such child shall be considered a resident of the district in which the person sustaining parental relations to such child resides."

Section 1402, *supra*, has been amended by the Acts of May 20, 1921, P. L. 1032, and of April 30, 1925, P. L. 378, so that said section 1402, as amended, so far as it applies to the present case, now reads as follows: "A child shall be considered a resident of the school district in which his parents or the guardian of his person resides. When a resident of any school district keeps in his home a child of school age, not his own, supporting the child gratis as if it were his own, such child shall be entitled to all free school privileges accorded to resident school children of the district, *including the right to attend the public high school maintained in such district or in other districts, in the same manner as though such child were in fact a resident school child of the district,* and shall be subject to all the requirements placed upon resident school children of the district: Provided, that before accepting such child as a pupil, the board of school directors of the district may require such resident to file with the secretary of the board a sworn statement that he is a resident of the district, that he is supporting the child gratis, that he will assume all personal obligations for the child relative to school requirements, and that he intends to so keep and support the child continuously and not merely through the school term. . . ." The words underscored, relating to the right to attend the public high school of the district, were added by the amending Act of April 30, 1925, P. L. 378; the remaining part of the section quoted is the language of the amending Act of May 20, 1921, P. L. 1032.

From the testimony adduced at the hearing and the pleadings, the court makes the following

## Findings of fact.

1. H. H. Fye, the relator, grandfather of Archie Fye and Merrell Fye, is a resident and taxpayer of Burnside Township, Centre County, Pennsylvania, having lived there all his life, and resides within the limits of the Germania School, Burnside Township School District.

2. Edward Fye and Lulu Fye, his wife, are both living and are the parents of Archie Fye and Merrell Fye; at the time these proceedings were begun, and for several years prior thereto, they were residents of Snow Shoe Township, Centre County, Pennsylvania, but thereafter moved to Madeira, Clearfield County; they are able to care for and maintain their children.

3. Both Archie Fye and Merrell Fye were enrolled as pupils of Moshannon School of the Snow Shoe Township School District for the school year of 1923-1924. Archie attended said school until Nov. 23, 1923; Merrell attended said school until the school term ended May 15, 1924.

4. Archie Fye, now ten years of age, came to the home of his grandfather, the relator, in the fall of 1923, on or about Sept. 1, 1923, according to the

evidence, and has since continuously resided and made his home with the relator until the present, with the exception of week-end visits paid his parents at intervals of from two to five weeks, he going to see them Saturday and returning Sunday.

5. Merrell Fye, now thirteen years of age, came to the home of his grandfather, the relator, about Sept. 1, 1924, and has since continuously resided and made his home with the relator until the present, with the exception of week-end visits paid his parents at intervals of from two to five weeks, he going to see them Saturday and returning Sunday.

6. From the respective dates above mentioned upon which said Archie Fye and Merrell Fye came to his home, the relator has maintained and supported them gratis, as if they were his own children; he has furnished them with board, clothing and everything necessary for their support and maintenance, with the exception of the gift of a pair of shoes to Archie by his parents.

7. Since Archie and Merrell Fye have made their home with the relator, their parents have not exercised any parental control or authority over them, nor have they had any custody of them except during the above mentioned week-end visits paid to them at various intervals; and said parents seem to be entirely satisfied that these boys shall continue to reside in the home of the relator and be supported and maintained by him, and be under his control and authority, without any objection on their part.

8. After Nov. 23, 1923, Archie Fye attended the Germania School in Burnside Township School District during the remainder of the school year of 1923-1924 without objection.

9. Both Archie and Merrell Fye attended the Germania School in Burnside Township School District during the school year of 1924-1925 without objection.

10. Both Archie and Merrell Fye attend the Germania School in Burnside Township School District during the school year of 1925-1926 until about Oct. 5, 1925, at which time, by direction of the Burnside Township School Board, they were refused admission as non-residents of the school district, for the reason, as stated, that their parents resided in Snow Shoe Township and paid no taxes in Burnside Township. Since said last mentioned date these boys have not attended school in Burnside Township nor anywhere else.

11. Germania School in Burnside Township School District contains twenty double seats, thus having a seating capacity for forty pupils. There were twenty-four pupils enrolled, exclusive of Archie and Merrell Fye, during the school year of 1925-1926, about half of whom were of foreign parentage.

*Discussion.*

It seems evident from an examination of section 1402 of the original School Code, before the same was amended, and of the decisions of the courts relative thereto, that this relator could not thereunder have legally brought these mandamus proceedings to compel the respondent to admit Archie Fye and Merrell Fye to the Germania School in Burnside Township for educational purposes, as neither their parents nor the guardian of their persons resided in said township school district, under the latter clause of said section, as their parents were not dead, but living in another school district: Laubach v. Nippenose Township School District, 40 Pa. C. C. Reps. 321, 22 Dist. R. 815; Com. ex rel. Fry v. Upper Swatara School District, 164 Pa. 603; Com. ex rel. Parris v. Brookville Borough School District, 164 Pa. 607; Black v. Graham et al., 238 Pa. 381.

Com. ex rel. Fye *v.* Burnside Township School District.

In Laubach *v.* Nippenose Township School District, 40 Pa. C. C. Reps. 321, 22 Dist. R. 815, in which the facts were quite similar to those in the present proceedings, it was held that the grandparents of a child have no standing in mandamus proceedings against a school board to compel said board to furnish transportation to and from school to a grandchild who resides with them, under sections 1401, 1402 and 1406 of the School Code, where it appears that the parents of the child reside in another district and are able to care for and maintain the child.

We should, therefore, have no hesitancy in dismissing the relator's petition in this case, were it not for the Act of May 20, 1921, P. L. 1032, which amended section 1402 of the School Code, so that the latter now provides that: "When a resident of any school district keeps in his home a child of school age, not his own, supporting the child gratis, as if it were his own, such child shall be entitled to all free school privileges accorded to resident school children of the district. . . ." Said section also contains a proviso that, before accepting such child as a pupil, the board of school directors of said district *may* require such resident to file with its secretary a sworn statement relative to his residence, support of said child gratis, etc., as above quoted.

In Ben Avon Borough School District *v.* Pittsburgh School District, 77 Pa. Superior Ct. 75 (78 and 79), the Superior Court says: "The purpose at the base of our common school laws is to provide all children residing within the Commonwealth with a good common school education. In carrying out this purpose, the various school districts are merely the agents of the Commonwealth: Ford *v.* School District, 121 Pa. 543; Gettysburg School District *v.* Cumberland Township School District, 50 Pa. Superior Ct. 87. In construing the school laws, therefore, that interpretation will be adopted which will be more likely to carry into effect this generous purpose. The child is the paramount object of our common school law. His education, and not the exact apportionment of its cost among various sub-divisions of the Commonwealth, is its chief concern."

It will be noted that the language of section 1402 of the School Code, as amended by the Acts of 1921 and 1925 *(supra)*, is very broad in its scope; it does not limit such free school privileges to a non-resident child that has no parents or guardian of his person to whom some person in the district is sustaining parental relations, as was done by this section of the School Code before the same was amended by the later acts; nor are said free school privileges limited to a *poor* or *dependent child*, not his own, which a resident of any school district is supporting gratis, as if it were his own. Said amended section states that said free school privileges shall be accorded to *a child, that is, any child*, of school age, *not his own*, which a resident of any school district *keeps in his home and is supporting gratis, as if it were his own*. We have been unable to find any reported decisions construing this section of the School Code, as amended by the Acts of 1921 and 1925 *(supra)*, but it is our opinion, after careful consideration, that a fair construction thereof, giving it the liberal interpretation which the decisions of our appellate courts have enjoined, brings the present case clearly within its purview, and that, under our findings of fact and the legal conclusions deducible therefrom, the relator is entitled to a mandamus as prayed for.

### Conclusions of law.

1. Archie Fye and Merrell Fye, who are children of school age, kept in the home of their grandfather, the relator, who is a resident of Burnside Township School District, Centre County, Pennsylvania, and supported and main-

tained by him gratis, as if they were his own children, since about Sept. 1, 1923, and Sept. 1, 1924, respectively, are entitled to all free school privileges accorded to resident school children of said district, under the provisions of section 1402 of the School Code, as amended by the Acts of May 20, 1921, and April 30, 1925.

2. The Germania School of said school district is not overcrowded so as to warrant the exclusion of Archie and Merrell Fye therefrom on that ground.

3. The relator is entitled to a mandamus upon the respondents, commanding and requiring them to admit Archie and Merrell Fye to the Germania School in said Burnside Township School District, and to grant them all free school privileges accorded to resident school children of the district, so long as he keeps said children in his home in Burnside Township and supports them gratis, as if they were his own.

4. Before accepting said children, the respondents *may* require, if they so desire, the relator to file with their secretary the affidavit mentioned in the proviso contained in the first clause of section 1402 of the School Code as at present amended.

5. The costs of this proceeding shall be paid by the respondents in their representative capacity.

And now, to wit, Aug. 21, 1926, a peremptory writ of mandamus is awarded against the respondents in accordance with the foregoing opinion.