## North Middleton Township School District v. Borough of Carlisle School District

*E. M. Biddle, Jr.*, for plaintiff.
*Thomas E. Vale*, for defendant.

REESE, P. J., March 19, 1937.—The statement of claim filed by plaintiff school district avers that plaintiff maintains no high school and that for many years defendant district has accepted in its high school properly qualified

pupils who are residents in plaintiff district. It is further averred that plaintiff district has always paid defendant district the sums demanded for the tuition of such pupils, but that during the school years 1929-1930 to 1933-1934, inclusive, plaintiff district has, under a mutual mistake of fact, overpaid defendant district in the total sum of $864.77, for the recovery of which, with proper interest thereon, the present action was instituted.

It is also averred that under the will of Charles Lytle Lamberton, who died in 1906, he devised a substantial part of his estate to the corporate authorities of the Borough of Carlisle to be used in the aid, support, maintenance and extension of such school as should be established, within the period of 10 years after his death, for the education of pupils of the public schools of said borough, male and female, in the industrial, mechanical, technical and scientific arts; that such a school was established by the school directors of defendant district prior to 1915, and under an order of this court, dated January 21, 1915, entered to no. 117, November term, 1907, the trustees under Mr. Lamberton's will were directed to pay the income from the trust fund to the school directors of defendant district for the support of said school; that since January 21, 1915, the income from the trust fund has been paid to defendant district; that a portion of such income has been allocated to and used for the support of the high school attended by the pupils from plaintiff district; that plaintiff district was entitled to have a corresponding reduction from the tuition charges made against it for its pupils who were received and taught in the high school of defendant district; that plaintiff district is unable to state the amount received by defendant district from the Lamberton fund during the school years 1929-1930 to 1935-1936, inclusive, or what proportion thereof during those years was allocated to and used by defendant district in the support of the high school. The statement of claim, therefore, demands an accounting by defendant district that it may be de-

termined how much of the Lamberton fund was, during those school years, used in the support and maintenance of said high school, and plaintiff district demands judgment for its proper proportion of any amount so used, in addition to the sum of $864.77 above mentioned.

Defendant district has filed an affidavit of defense raising several questions of law, but only as to that part of plaintiff's statement which asks for an accounting of the income received from the Lamberton fund.

Several provisions of the School Code of May 18, 1911, P. L. 309, are pertinent and relevant to the question before us. Section 1707 by the Act of May 4, 1927, P. L. 687, 24 PS §1586, provides inter alia:

"Pupils residing in a school district in which no public high school is maintained may attend, during the entire term, the nearest or most conveniently located high school of such class as they may desire to attend. . . . Provided, That pupils wishing to attend a high school in a district other than the one in which they reside shall obtain the consent of the board of school directors of the district in which such high school is located before attending the same."

Section 1708, as amended by the Act of May 1, 1925, P. L. 435, 24 PS §1589, provides for the payment of tuition by the school district where the pupils reside. It provides, inter alia:

"The board of school directors in any district maintaining a high school which is attended by any pupils residing in another district, as herein provided, shall at the close of each term calculate the per capita cost of tuition in such district for the school term then ended, upon the basis of the average daily attendance in said high school for the entire school term:

"Provided, That the board of school directors of any district in which there is located a high school receiving a share of any appropriation for the salaries of high school teachers shall deduct its share of the last such appropriation received for the teacher or teachers in said high school

from the total cost of tuition before computing the per capita cost of tuition, in order to certify properly for pupils attending the same from other districts.

"The charge made by any school district receiving any pupil not resident therein to the district in which such child resides shall be equal to the per capita cost of instruction calculated for the previous school term.

"The board of school directors in any district maintaining a high school which is attended by any pupils residing in another district, as herein provided, shall upon admission of such pupils properly certify to the board of school directors of the district in which such pupils reside the names of all such pupils, together with an itemized statement of the cost of tuition per school month, as herein defined, and the cost of such tuition shall be paid monthly to the district maintaining such high school by the district to which the same was certified. The per capita cost herein specified shall be computed upon the basis of the average daily attendance in said high school for the entire school term."

Under section 1716, as amended by the Act of May 1, 1925, supra, 24 PS §1595, the term "cost of tuition", as used in the foregoing section 1708, is defined to "include the cost of the following items and no others: (1) Instruction, including salaries of members of the teaching and supervisory staff, and attendance of teachers at institutes; (2) text-books and school supplies; and (3) fuel, light, water, and janitor service, and shall also include ten per centum (10%) of the total cost of said items. Calculation of the cost of tuition in any district shall be made separately for elementary and high school pupils respectively. The per capita cost of tuition herein specified shall be computed upon the basis of the average daily attendance for the entire school term."

Section 1711, as amended May 20, 1921, P. L. 1036, 24 PS §1590, repeats one of the provisions of section 1708, supra:

"The board of school directors of any district in which there is located a high school receiving a share of any appropriation for the salaries of high school teachers shall deduct its share of the last such appropriation received from the total cost of tuition, text-books, and supplies, before computing the cost per pupil, in order to certify properly the expense for pupils attending the same from other districts."

It is the contention of plaintiff district that in computing the "cost of tuition" under section 1716, supra, the defendant district should also deduct from the cost of the various items, enumerated therein, such portions of the income from the Lamberton fund as are allocated to and used in meeting or defraying the cost of such items as to the high school.

Although a diligent search has disclosed no precedent or authority on these precise facts, we are convinced that the contention of defendant district is sound and that no such deduction is warranted, for the reason that the calculation of the cost of tuition and the resulting liability of plaintiff district therefor are matters which are fixed and controlled exclusively by the provisions of the School Code, hereinabove set forth.

In Pennsylvania, a school district is but an agent of the Commonwealth, and as such a quasi-corporation for the sole purpose of administering the Commonwealth's system of public education. Hence it is entirely within the constitutional powers of the Commonwealth to provide by statute for the attendance of children in high schools outside the district in which the children reside, and for the payment of their tuition by the district of which they are residents. It follows that the money raised by taxation for school purposes is the property of the school district only in a limited sense, and the State can still direct application through her designated agents: Hughesville Borough School Dist. v. Wolf Township School Dist., 40 Pa. Superior Ct. 311.

Although the enactments by the legislature in this connection might seem inexpedient to a court, "that is not a justification for writing into the statute a restriction or qualification not arising from very clear implication. The expediency of an enactment is a legislative question over which we have no control": Gettysburg School Dist. v. Cumberland Township School Dist., 50 Pa. Superior Ct. 87, 91.

"The rate and amount of tuition charges to nonresidents whether in the grade or high schools are determined by the controlling statute or contract. Where the statute governs, the mode prescribed by statute for determining the rate or amount of tuition charges to nonresidents must be followed": 56 C. J. 825, §1018, citing Cascade School Dist. v. Lewis School Dist., 43 Pa. 318, in which it was also said that where there are statutory requirements they are imperative and must be obeyed, and "all equities and implied liabilities are excluded." To the same effect are In re Appeal of Sykesville Borough, 91 Pa. Superior Ct. 335, 341, and Parnell v. School Board of Clymer Borough, 99 Pa. Superior Ct. 281, 285.

The Supreme Court has consistently held that the provisions of the School Code must be strictly construed: Lansdowne Bank & Trust Company's Case, 323 Pa. 380, 386. In speaking of the right of a district to recover cost of tuition for nonresidents attending its high school, it was said in Norristown Borough School Dist. v. Upper Merion Township School Dist., 49 Pa. Superior Ct. 561, 564: "It can demand and receive payment only according to the terms of the statute." This necessarily involves the principle that the district, of which such pupils are residents, shall pay for their tuition according to the terms of the statute.

In Wolfgang v. East Manchester Township School Dist., 23 York 106, 108, the court said:

"The right to recover for the tuition of a pupil living in an adjoining district having no high school, in the nearest or most convenient high school of another school dis-

trict, is like the claim of the plaintiff in a mechanic's lien, a pure creature of the statute, 'and compliance with statutory requirements is necessary to its validity,' Tenth Nat. Bank v. Smith Const. Co., 218 Pa. 581."

From the foregoing principles we conclude that plaintiff district, in paying the tuition of its pupils in the high school of defendant district, must pay in strict accordance with the School Code. Section 1708 imposes the duty to pay the "cost of tuition." Section 1716 defines the term "cost of tuition" and enumerates the various items which shall be included in computing the same. Sections 1708 and 1711 have identical provisions requiring the district whose high school is attended by nonresident pupils to deduct its share of the last State appropriation received for the salaries of high school teachers from the "cost of tuition" before computing the cost per pupil, in order to certify properly the expense for pupils attending such high school from other districts.

In computing the "cost of tuition" payable by plaintiff district, defendant district is entitled to include only the cost of those items enumerated in section 1716, and plaintiff district is entitled, in the computation of the "cost of tuition", only to that deduction of State appropriation which is provided for in sections 1708 and 1711. Plaintiff district is not entitled to have deducted from the "cost of tuition", i. e. from the cost of the items set forth in section 1708, such portion of the Lamberton fund as may have been allocated to and used by defendant district in meeting or paying the cost of such items, for the simple reason that the statute does not provide for any such deduction. Whether defendant district met and paid the cost of such items as constitute tuition out of funds raised by taxation or realized from the Lamberton fund or other sources, it "cost" defendant district whatever it spent for such items. Under the statute, what plaintiff district must pay is determined by the "cost" of such items.

Plaintiff district is a creature and agent of the Commonwealth. It is not, in its character or entity as a quasi-

corporation, in any sense a beneficiary of Mr. Lamberton's trust fund. It must pay for the tuition of its pupils attending the high school of defendant district exactly what the statute requires it to pay. It cannot insist on a decrease of that amount simply because the "cost of tuition" is in part met by funds realized from the Lamberton trust or because the burden on the taxpayers of defendant district may possibly be lightened by Mr. Lamberton's beneficence.

We deem it highly significant that section 126 of the School Code of 1911, supra, empowers a school district to receive, hold and administer any devise, bequest, grant, endowment, gift or donation of property, real, personal or mixed. Further, section 563, amended April 5, 1921, P. L. 91, 24 PS §610, requiring each district to prepare an annual budget, provides, inter alia:

"The total amount of such budget shall not exceed the amount of funds, including the proposed annual tax levy and State appropriation, available for school purposes in that district."

This recognizes the possibility of funds realized from sources other than taxation or State appropriation. It follows that the legislature, in providing for the computation of "cost of tuition", had in mind the possibility that a district might have funds realized from a devise, bequest, gift or trust fund which could be used in meeting or paying such "cost". Since the legislature only required the deduction of State appropriation from such "cost", it did not intend any further deduction of funds realized from such other source.

Therefore, since plaintiff district is not entitled to any credit or deduction from the cost of tuition on account of any portion of the Lamberton fund having been used to meet or pay the various items of such cost, it follows that it is not entitled to the accounting demanded, and the statutory demurrer as to that part of plaintiff's statement which demands an accounting must be sustained. In view

of the conclusion herein reached, it becomes unnecessary to discuss the remaining questions of law raised by defendant by reason of which it is contended that plaintiff is not entitled to an accounting.

Under section 20 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §471, providing for raising questions of law in an affidavit of defense:

"If in the opinion of the court the decision of such question of law disposes of . . . any part of the claim [of the plaintiff], the court may enter judgment for the defendant, or make such other order as may be just."

And now, March 19, 1937, the affidavit of defense raising questions of law as to the right of plaintiff to an accounting is sustained without prejudice to plaintiff's right to proceed on the balance of its claim, as to which defendant is given leave to file, within 15 days, an affidavit of defense on the merits, if it so desires.

From Francis B. Sellers, Carlisle.