## Grove v. School District of Lancaster

*Richard M. Martin*, for plaintiff.

*Theodore L. Brubaker*, for defendant.

WISSLER, J., August 21, 1953.—Arthur S. Grove, plaintiff, filed a complaint in assumpsit against defendant to recover the sum of $176.48, together with interest thereon, being the sum paid by plaintiff to defendant under protest after defendant threatened to deny Arthur S. Grove, Jr., and Margaret E. Grove, children of plaintiff, admission to its school system. The sum of $176.48 so paid represents the tuition for Arthur S. Grove, Jr., and Margaret E. Grove in defendant's school system from September 8, 1952, to January 9, 1953.

The complaint alleges that defendant is a second class school district existing under the laws of the Commonwealth of Pennsylvania, located at Lancaster, Pa., and that plaintiff resides at 720 Third Street, Lancaster, Pa., and his children reside with him at this address, and have continuously resided in defendant school district from September 8, 1952, to the present

time. Defendant filed an answer denying that plaintiff and his children, Arthur S. Grove, Jr., and Margaret E. Grove, reside at 720 Third Street, Lancaster, Pa., and averring that their legal residence is Pequea, Martic Township, Lancaster County, Pa., and that neither plaintiff nor his children, Arthur S. Grove, Jr., and Margaret E. Grove, have continuously resided in defendant school district from September 8, 1952, to the present time, and are therefore not entitled to free school privileges in defendant's school district. By agreement the case was tried before the court without a jury.

### Findings of Fact

1. Arthur S. Grove, plaintiff, is a resident of 720 Third Street, Lancaster, Pa.

2. Arthur S. Grove, Jr., and Margaret E. Grove are children of plaintiff Arthur S. Grove, and residents of 720 Third Street, Lancaster, Pa., residing with their father, plaintiff.

3. Defendant is a second class school district existing under the laws of the Commonwealth of Pennsylvania, located in the City of Lancaster, Pa.

4. Arthur S. Grove, Jr., and Margaret E. Grove are 15 and 10 years of age, respectively, and have been attending defendant's schools in Lancaster City as pupils.

5. Plaintiff Arthur S. Grove and his children, Arthur S. Grove, Jr., and Margaret E. Grove, have continuously resided in defendant school district from September 8, 1952, to the present time.

### Discussion

The sole question before the court is whether plaintiff and his children, Arthur S. Grove, Jr., and Margaret E. Grove, are residents of 720 Third Street, Lancaster, Pa., or are residents of Pequea, Martic Township, Lancaster County, Pa.

According to the testimony, plaintiff's wife resides at Pequea, Lancaster County, Pa., in a property owned by him. Plaintiff is a teacher in the Lancaster City schools and resides at 720 Third Street, Lancaster, Pa., and with him reside his mother, his son, Arthur S. Grove, Jr., and his daughter, Margaret E. Grove, the children attending school in the Lancaster City School District. Both he and his children spend their vacations and weekends with his wife in Pequea, Martic Township, Lancaster County, Pa., and both he and his children spend every night excepting Friday and Saturday nights at his residence 720 Third Street in Lancaster.

The question of residence in the present case depends upon the construction of the School Code of March 10, 1949, P. L. 30, sec. 1302, 24 PS §13-1302. The relevant part of this section 1302 provides as follows: "A child shall be considered a resident of the school district in which his parents or the guardian of his person resides. . . ." In School District of Borough of Ben Avon v. School District of Pittsburgh, 77 Pa. Superior Ct. 75, 78, 79, Judge Keller, in passing on section 1402 of the Act of May 18, 1911, P. L. 309, as amended by the Act of May 6, 1913, P. L. 192, (identical with relevant section 1302 of the School Code of 1949) said:

"The purpose at the base of our common school laws is to provide all children residing within the Commonwealth with a good common school education. In carrying out this purpose the various school districts are merely the agents of the Commonwealth: *Ford v. School District*, 121 Pa. 543; *Gettysburg v. School District*, 50 Pa. Superior Ct. 87. In construing the school laws, therefore, that interpretation will be adopted which will be more likely to carry into effect this generous purpose. The child is the paramount object of our common school law. His education, and not the

exact apportionment of its cost among various subdivisions of the Commonwealth, is its chief concern."

This general principle was cited with approval in Harris v. Board of Public Education of the School District of Philadelphia, 306 Pa. 546, 550.

It is the opinion of the court, after careful consideration, that a fair construction of section 1302 of the School Code of 1949, P. L. 30, giving it the liberal interpretation which the decisions of our appellate courts have enjoined, brings the present case clearly within its purview, and that, under the court's findings of fact and the legal conclusions deducible therefrom, plaintiff is entitled to the relief sought in his present complaint.

*Conclusions of Law*

1. Arthur S. Grove, plaintiff, and Arthur S. Grove, Jr., and Margaret E. Grove, his children, are residents of 720 Third Street, Lancaster, Pa.

2. Arthur S. Grove, plaintiff, and Arthur S. Grove, Jr., and Margaret E. Grove, his children, have continuously resided in defendant school district from September 8, 1952, to the present time.

3. The costs of this proceeding shall be paid by defendant.

And now, August 21, 1953, the court finds in favor of plaintiff Arthur S. Grove and against the School District of Lancaster, Pa., defendant, in the amount of $176.48, together with interest thereon at 6 percent, amounting to $6.76, or a total of $183.24. Notice hereof shall be forthwith given by the prothonotary or clerk to the parties or their attorneys, and if no exceptions thereto are filed in the proper office within 30 days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk.