DeVERE FORD v. KENDALL BOR. SCH. DISTRICT.

ERROR TO THE COURT OF COMMON PLEAS OF McKEAN COUNTY.

Argued May 4, 1888—Decided October 1, 1888.

In Pennsylvania, a school district is but an agent of the commonwealth, and as such a quasi-corporation for the sole purpose of administering the commonwealth's system of public education; it is therefore not liable for the negligence of school directors or of their employees.*

Before GORDON, C. J., PAXSON, STERRETT and WILLIAMS, JJ.; TRUNKEY, GREEN and CLARK, JJ., absent.

No. 411 January Term 1888, Sup. Ct.; court below, No. 580 October Term 1884, C. P.

On September 19, 1884, an action in case was brought by DeVere Ford, by her father and next friend, Joseph Ford, against The School District of Kendall borough. The plea was, not guilty.

At the trial on July 20, 1887, before NEALE, P. J., 33d district, specially presiding, the case of the plaintiff was shown by evidence that on January 30, 1882, DeVere Ford, a young lady of 19, a pupil at the public school of the defendant district, was standing with other pupils at the stove of the school room, in which the janitor employed by the district was endeavoring

---

*See Fire Ins. Patrol v. Boyd, 120 Pa. 624.

to start the fire. Failing to get a fire to his liking, the janitor threw into the stove a dish of crude petroleum, when an explosion occurred followed by a flame of burning oil which seriously burned and injured the plaintiff, as well as others of the pupils. There was evidence tending to show that the board of directors had been informed of such use of petroleum by the janitor, before the occurrence of the accident; that they had discussed the subject, but had taken no steps to prevent it.

At the close of the plaintiff's case, the defendant's counsel moved the court for the entry of a compulsory nonsuit, on the ground that the school district could not be made liable for the negligence of the janitor. The motion was allowed, a compulsory nonsuit entered, and rule granted to show cause why the nonsuit should not be taken off. On January 31, 1888, the court filed an opinion refusing the motion to take off the nonsuit, when the plaintiff took this writ, and assigned the entry of the nonsuit and the refusal to take it off as error.

*Mr. W. W. Brown* (with him *Mr. G. L. Roberts*), for the plaintiff in error:

1. Courts are maintained so that every man, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law: Constitution, article I. § 11. It is not a compliance with the spirit of the constitution to hold that because the officer or servant, responsible or otherwise, can be held individually to answer for his torts, the aggregation or municipality shall escape liability: West Hempfield Tp. v. Moore, 68 Pa. 404.

2. There is no authority in the books that places the liability of a school district below that of a township or county. "School districts are quasi-corporations of the same kind, constituted in the same manner, and charged with the same duties and invested with the same power as towns ": Gaskill v. Dudley, 6 Met. 546 (39 Amer. D. 752). In Pennsylvania, the act of April 15, 1834, P. L. 538, providing for the organization of townships and counties, and the act of May 8, 1854, P. L. 617, defining the corporate powers of school districts, in all essential particulars are alike.

3. In all adjudicated cases in this state, where the question

has been raised, no distinction has been made : Wharton v. School Directors, 42 Pa. 363 ; Commonwealth v. Morrisey, 86 Pa. 417 ; Erie Sch. D. v. Fuess, 98 Pa. 600, is no exception. In that case, the court held that the school district was not liable, for the reason that the injury did not arise from the negligence of the board of directors, but rather from that of the contractor, and authority was cited to show that even private corporations, or municipal corporations proper, could not be held in like cases.

4. But it is assumed that a school district is a public charity, and for that reason exempt from liability for the negligence of its officers. That because the school director performs his duties without compensation, the district is a charity and therefore to be relieved from responding in damages for his torts, is untenable. Neither the hospital nor the almshouse is any the less a charity because the superintendent and nurses are paid for their services : Boyd v. Insurance Patrol, 113 Pa. 269, is. inapplicable, because school districts have ample power, under the statutes, to provide for all expenses and liabilities of the district. Their power of taxation is without appeal, and its manner of exercise without supervision unless when they transcend their powers : Wharton v. Sch. Directors, 42 Pa. 358 ; Blickensderfer v. Sch. Directors, 20 Pa. 38 ; Conyngham Sch. D.'s App., 77 Pa. 265 ; Carlisle Sch. D. v. Hepburn, 79 Pa. 159.

5. A school district is under as high an obligation to look after the welfare of the children actually in its schools, as a township in the case of teams and teamsters. The first reported case in which a township was held liable for the negligence of its officers is Dean v. New Milford Tp., 5 W. & S. 545, in which Justice Rogers, delivering the opinion, gave ten distinct reasons for reaching his conclusion, each one of which reasons applies with equal force to school districts. Since that case, no township has escaped liability. But we are not confined to analogy. Though the cases are not numerous, there has been a sufficient number to show that in all respects school districts should be held to precisely the same degree of liability as townships : Commonwealth v. Morrisey, 86 Pa. 417 ; McLoud v. Selby, 10 Conn. 300 (27 Amer. D. 689) ; Andrews v. Estes, 11 Me. 267 (26 Amer. D. 521) ; Gaskill v. Dudley, 6 Met. 546 (39 Amer. D. 750).

*Mr. J. W. Lee* (with him *Mr. Hastings* and *Mr. Criswell*), for the defendant in error:

School districts are held not to be strictly municipal corporations, but territorial divisions for the purposes of common schools, exercising within a prescribed sphere many of the faculties of a corporation : Wharton v. School Directors, 42 Pa. 358. They are corporations of lower grade and less power than a city, have less the characteristics of private corporations and more of a mere agent of the state: the system partakes much of the nature of a public charity, extends over the whole of the state, and is sustained by the public moneys.: Erie Sch. D. v. Fuess, 98 Pa. 600. Municipal corporations are held liable for the negligence of officers where there is an express public duty enjoined upon them, such as the repair of highways, or the building and maintenance of bridges, but no such liability exists in the absence of express injunction: Elliott v. Philadelphia, 75 Pa. 349; Alcorn v. Philadelphia, 44 Pa. 348. The non-liability of the school district for the negligence which caused the plaintiff's injury, is fully sustained by the recent case of Boyd v. Insurance Patrol, 113 Pa. 277, in which all the cases upon the subject are fully considered.

OPINION, MR. CHIEF JUSTICE GORDON:

This was an action on the case, brought by the plaintiff, De Vere Ford, against the School District of Kendall borough, for the recovery of damages which she sustained in consequence of the negligence of the janitor of the school building of said district. We take the history of the case as we find it in the paper book of the plaintiff, and assume that the statements therein contained are true and susceptible of proof. The plaintiff at the time of the accident, January 30, 1882, was a pupil of the public schools of said district. On the afternoon of that day, she, with other pupils, was standing near the stove of the school-room, in which the janitor was attempting to kindle a fire. Failing to produce the desired result he left the room and soon returned with a dish of crude petroleum which he threw into the stove. The result was an explosion by which the plaintiff was severely burned and otherwise injured. The Board of Directors had been twice notified of this method of kindling fires by its janitor, and warned of the danger of per-

mitting its continuance; and though the matter seems to have been discussed by that body, no further attention was paid to it.

We thus assume that the injury to the plaintiff, as well as the negligence of both janitor and school-board has been established, and that her case should have been submitted to the jury if the defendant can be made liable for the default of its agents. The question then is, Can a school district be held for such default? The learned judge, who presided at the trial in the court below, determined this question in the negative, and directed a nonsuit, and as to the rectitude of this decision we have no doubt.

Whilst we do not regard the case of the School District of the City of Erie v. Fuess, 98 Pa. 600, as definitely ruling the present contention, yet the liability of school districts for the default of their agents is, by the opinion, reduced to very narrow limits. It is therein said by Mr. Justice TRUNKEY, that school districts are corporations of a lower grade, and of less power than cities; have less the characteristics of private corporations, and resemble more mere agents of the state; that a less stringent rule applies to public than to private corporations, and that the least stringency should be applied to school districts, which are established for the administration of what may be regarded as a great public charity. But independently of what is here intimated, we may assert positively, and without hesitation, that school districts are but agents of the commonwealth, and are made quasi-corporations for the sole purpose of the administration of the commonwealth's system of public education. The constitution provides, Article X., § 1: "The general assembly shall provide for the maintenance and support of a thorough and efficient system of public schools, wherein all the children of this commonwealth above the age of six years may be educated; and shall appropriate at least one million of dollars each year for that purpose." Here is not only an injunction upon the legislature to provide a system of public education for all the children of the commonwealth, over the age of six years, but to appropriate for that purpose the magnificent sum of not less than one million of dollars. The appropriation may exceed that sum to any amount; to an amount sufficient to cover the entire expenses of the system, but at all events, that sum must be so appropriated. If then

this is not strictly and exclusively a state institution, a great public charity, we know not by what name it can properly be designated. That the legislature has seen fit to have part of the money required for school purposes raised by local taxation cannot alter the character of the institution; it is nevertheless public money as much so as that which comes directly from the state treasury. Police officers are not only paid by local taxation, but appointed or elected by municipalities, but as they derive their powers from the state, and are conservators of the public peace, municipalities' are not responsible for their misfeasance: Elliott v. Philadelphia, 75 Pa. 347. The same rule has been held to apply to injuries resulting from the neglect of an employee of a city fire department; as also in the case of any strictly public agent, or agent of a public charity: Boyd v. Insurance Patrol of Philadelphia, 113 Pa. 269.

But more than this, the act of assembly provides no fund out of which the directors can pay damages resulting from their own misconduct or that of their officers. The act of May 8, 1854, § 28, P. L. 623, authorizes the several school boards of the commonwealth to levy and collect a tax "which shall, together with such additional sums as the district may be entitled to receive out of the state appropriation and from other sources, be sufficient and necessary to keep the schools of the district in operation not less than four nor more than ten months in the year." It will thus be seen that the entire resources of a district are to be appropriated to the maintenance of its schools, and no other tax than for such use can be levied, except one of a special character, authorized by a subsequent section and devoted exclusively to the purchase of land and erection of buildings necessary for educational purposes. As, then, these districts can have no fund out of which to pay damages, such as are claimed by the plaintiff in this case, their recovery would be to no purpose. Moreover, to make school districts responsible for the misfeasance of their officers, would, in many cases, prove injurious, if not destructive, to the public welfare. A weak and poor district is saddled with a heavy bill of damages, in this case, for instance, because a child has been burned through the negligence of the janitor; in another, perhaps, because there has been no fire and a pupil's limbs have been frozen, or because the house was open and it

FORD v. SCHOOL DISTRICT. 549
Opinion of the Court.

has caught cold; it has been maltreated by the teacher, or has contracted spine disease because of improper seats, etc., etc., and, as a consequence, the schools must be closed, and the ordinary taxation, perhaps for years, together with the state appropriation, must be applied to the payment of the bill. The rule heretofore has been that individual advantage must give way to the public welfare, but the proposition of the plaintiff is to make individual grievance override the public good and make the public funds the primary source of individual compensation. A child has been injured by the negligence of the school janitor, therefore stop the schools, and appropriate the money of the state and district for the purpose of compensating the child and its parents. This is certainly running the idea of individual compensation to the last degree of absurdity; it is an attempt to open a new field for this kind of litigation, profitable indeed to the individual but ruinous to the public, hence one that we are not disposed to encourage.

It is very true, that in support of the plaintiff's contention we have many analogous cases where damages have been recovered against townships, and other municipalities, resulting from the negligence of their officers in the construction and maintenance of their streets and highways, and for such cause the public treasury has been obliged to make good private loss. The reason for this rule is not very obvious. It is based upon the idea that, as upon municipalities the legislature has imposed the duty of maintaining public highways, therefore they are responsible for a neglect of that duty. But as the same reason will apply to all cases in which a duty is imposed, so should the same rule be applied to the police, fire, sanitary and pauper departments of municipalities, though, as we have seen, it does not so apply. All we can say is, that for the one class of cases we have precedent on which to rest, and in the other, we have no such precedent but rather the contrary. Reason is all with the latter view of the subject, for the conclusion that the public should be held responsible for the misconduct of its supervisors of highways, is just as illogical as that it should be so held for the misfeasance of its constables and overseers of the poor.

But we are not disposed to quarrel with decisions, or unsettle old and well-established rules, hence we have but to say

that whilst the doctrine respondeat superior does apply to townships, boroughs, and cities, so far as streets and roads are concerned, it does not apply to school districts.

Judgment affirmed.