From William R. Toal, Media, Pa.

## In re Removal of Judge of Election

*Marshall, Braun & Notari*, for petitioner; *James A. Nugent*, for respondent.

PATTERSON, J., November 2, 1932.—At the November election in 1931 Michael Yasovsky was elected to the office of judge of elections in the second district of the first ward of the Borough of North Braddock. Certain electors of the district have filed a petition to have said Michael Yasovsky removed for the reason that he is a janitor for the School District of the Borough of North Braddock and the two offices are incompatible. An answer filed admits the fact but as a matter of law denies the incompatibility of the offices and raises the further question that the court is without jurisdiction, the remedy being by mandamus.

Article VIII, section 15, of the Constitution of Pennsylvania is as follows:

"No person shall be qualified to serve as an election officer who shall hold . . . any . . . employment in or under the government of . . . this State, or of any city, or county, or of any municipal board, commission or trust in any city. . . ."

A school board is the agent of the Commonwealth and as such is a quasi-corporation for the sole purpose of administering the Commonwealth's educational system: Ford v. Kendall Borough School District, 121 Pa. 543; Minsinger v. Rau, 236 Pa. 327, 332; Norristown Borough School District v. Upper Merion Township School District, 49 Pa. Superior Ct. 561, 567. School directors are recognized agents of the State: Removal of Eugene A. Fuller as Judge of Election, 33 Lack. Jur. 14; Georges Township School Directors, 286 Pa. 129, 135. It seems to us too obvious for argument that not only the members of the

school board but the employes thereof as well come within the constitutional inhibition.

As to the right of the court to assume jurisdiction summarily, the Act of May 16, 1921, P. L. 618, confers authority to fill a vacancy in any election board theretofore elected or that may thereafter be elected when such vacancy exists by reason, inter alia, of disqualification. In the case at bar the elected judge is disqualified and has never been qualified to fill the office. The statutory power of the court necessarily follows: Appointment of Minority Inspector of Election, 24 Lack. Jur. 349 (Maxey, J.).

### Order

And now, November 2, 1932, rule absolute, and Monday, November 7, 1932, is fixed for the hearing upon applications for the office of judge of elections in the second district of the first ward of the Borough of North Braddock.

From William J. Aiken, Pittsburgh, Pa.