Carlo, Appellant, *v.* Scranton School District.

Submitted May 28, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. A. Vosburg* and *A. Floyd Vosburg,* for appellant.

*David J. Reedy* and *Stanley F. Coar,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 29, 1935:

This action of trespass was instituted by plaintiff to recover damages for the death of his minor son. From the entry of judgment for defendant upon an affidavit of defense raising questions of law, plaintiff appealed.

The statement of claim avers that defendant owned, maintained, and controlled the William Penn School in North Scranton. There was a fifty-foot flagstaff in the school yard, the base of which was about twenty-eight feet from the sidewalk of Clearview Street, on which avenue the school property abutted. On October 12, 1934, at about 4:30 P. M., plaintiff's son, while on the sidewalk, was killed when the upper portion of the flagstaff snapped off and fell, crushing the boy beneath it. It is alleged that the falling of the flagstaff was due to its defective, rusted, and weakened condition; that this condition had existed for over six months; and that defendant was negligent in not having it replaced or repaired. The court below entered judgment in favor of defendant on the ground that this was a case of tortious liability and a school district is not liable for injuries caused by the negligence of its directors or employees.

Plaintiff concedes that "a school district is a state agency, performing governmental functions, and while acting within the legitimate scope of these duties, is, generally speaking, not liable for negligence in connection therewith." Illustrative of this well established rule are: School Dist. v. Fuess, 98 Pa. 600; Ford v. School Dist., 121 Pa. 543, 15 A. 812; Wallace v. School Dist., 316 Pa. 388, 175 A. 411; Brinton v. School Dist., 81 Pa. Superior Ct. 456. See also Briegel v. Phila., 135 Pa. 451, 19 A. 1038; Rosenblit v. Phila., 28 Pa. Superior Ct. 587; Brinton v. School Dist., 81 Pa. Superior Ct. 450. But it is contended that in the instant case the

facts establish a nuisance and that the ordinary rule as to school district immunity cannot be invoked by the defendant here.

It is unnecessary to consider whether the maintenance of an undoubted nuisance would, in the event of injury resulting from it, subject a school district to liability, for the allegations of the statement of claim aver a breach of duty that cannot be distinguished in principle from other trespass cases in which pleas of immunity by school districts have met with judicial acceptance. The characterization as a "nuisance" of the situation presented in the statement of claim is warranted only on the theory that every negligent act of omission or commission is a nuisance. Whether or not a given set of facts constitutes a condition which in law is a nuisance is sometimes a question not free from difficulty. "While it may be easy to draw the line between what is and what is not a nuisance, . . . it is by no means so easy to determine whether the circumstances of any particular case ought to place it on one side or the other of that line. It is rare that any number of men will be found to agree in their judgment upon such a question": Wier's App., 74 Pa. 230, 241, per SHARSWOOD, J. Defendant was required by the Act of May 18, 1911, P. L. 309, section 629, as amended by the Act of May 20, 1921, P. L. 1011, to provide for the display of the United States flag. Defendant may have been negligent in failing to keep the flagstaff in proper condition, but it does not follow that such a default would, without more, amount to a nuisance. It is not in the statement of claim even averred to be in fact a nuisance.

There is no merit in plaintiff's contention that the erection and maintenance of the flagstaff was not a part of the defendant's governmental functions. The legislature commands the display of the United States flag on a flagstaff "upon or near each public school building in clement weather during school hours. , , ."

Paraska v. Scranton, 313 Pa. 227, 169 A. 434, is urged by plaintiff as decisive in his favor. In that case we held that a municipal corporation was not immune from liability for injuries caused by its negligence in the maintenance of a public playground. There is a distinction between the liability of a municipal corporation for the negligence of its employees and the liability of an agency of the Commonwealth whose sole purpose is the maintenance and support of the schools within its territorial division. In Briegel v. Phila., supra, this court said: ". . . Under the Pennsylvania statutes, school districts are agencies of the Commonwealth for a special and limited purpose, with no funds under their control but public moneys devoted to a specific charity, and not divertible, even indirectly, to any other use. This purpose might be entirely destroyed by holding the funds liable for the consequences of torts by the officers or servants of the school district, and therefore such liability cannot be sustained. It had been held as early as Wharton v. School Director, 42 Pa. 358, that school districts are not municipalities, but mere territorial divisions for limited purposes, and belonging to the class of quasi corporations, which exercise some of the functions of a municipality within a prescribed sphere."

The judgment is affirmed.