## Commonwealth, ex rel., v. Moore

*Conrad & Conrad,* for petitioner.

*Raymond E. Brown* and *Matthew A. Crawford,* for respondent.

RIMER, P. J., eighteenth judicial district, specially presiding, February 20, 1936.—This case comes before the court on demurrer on the part of the relator to the answer of the respondent, M. Earl Moore. Among the admitted facts we have (1) that M. Earl Moore was inspector of election in one of the precincts of Washington Township, Jefferson County, and so served at the election hereinafter referred to; (2) that at that time he was a candidate for the office of school director in the Washington Township School District, receiving the largest number of votes in the township for the office, whereupon a certificate was issued to him from the clerk of the quarter sessions of Jefferson County, certifying that he was duly elected to such office; and (3) that within 10 days after the beginning of the term for which he was elected he presented himself at an official meeting of the board of

school directors, took the oath of office, and was otherwise properly qualified therefor.

It further appears that M. Earl Moore was a citizen of the Commonwealth of Pennsylvania, of good moral character, more than 21 years of age, having been a resident of the said district for at least one year prior to the date of the election, and that he did not at the time of said primary and general elections hold the office of mayor, chief burgess, county commissioner, district attorney, city, borough or township treasurer, city councilman, township commissioner, road supervisor, tax collector, assessor, assistant assessor, comptroller, auditor, constable, county superintendent, supervisor, principal, teacher, or employe of any school district.

Upon this state of facts the relator avers that the answer does not show sufficient cause why judgment of ouster should not be entered against the respondent under the admissions contained in the answer, for the reason that the respondent has shown no right at law to hold said office.

The Constitution of the Commonwealth of Pennsylvania provides, in article VIII, sec. 15, as follows:

". . . nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve, save only to such subordinate municipal or local offices, below the grade of city or county offices, as shall be designated by general law."

Legislative action was taken designating those persons who should be eligible to the office of school director by the School Code of May 18, 1911, P. L. 309, entitled:

"An act to establish a public school system in the Commonwealth of Pennsylvania, together with the provisions by which it shall be administered, and prescribing penalties for the violation thereof; providing revenue to establish and maintain the same, and the method of collecting such revenue; and repealing all laws, general, special or local, or any parts thereof, that are or may be inconsistent therewith."

Section 207, as amended by the Act of June 20, 1919, P. L. 517, sec. 1, by the Act of May 20, 1921, P. L. 1043, sec. 1, by the Act of May 9, 1923, P. L. 181, sec. 1, and by the Act of March 28, 1929, P. L. 97, sec. 1, reads as follows:

"Any citizen of this Commonwealth having a good moral character being twenty-one (21) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, That any person holding the office of mayor, chief burgess, county commissioner, district attorney, city, borough, or township treasurer, city councilman, township commissioner, road supervisor, tax collector, assessor, assistant assessor, any comptroller, auditor, constable, county superintendent, or assistant county superintendent, supervisor, principal, teacher, or employe of any school district, shall not be eligible as a school director in this Commonwealth; but this section shall not prevent any district superintendent, assistant district superintendent, supervisor, teacher or employe of any school district, from being a school director in a district other than the one in which he is so employed."

The Act of June 10, 1893, P. L. 419, as amended by the Act of June 26, 1895, P. L. 392, sec. 1, is entitled: "An act to regulate the nomination and election of public officers, requiring certain expenses incident thereto to be paid by the several counties, and punishing certain offenses in regard to such elections", and in section 10 requires the sheriff to give notice in the manner therein provided of general elections, expressly excepting borough and township elections, describing the character and substance of such notice. One feature of the notice to be given is that "every person, excepting justices of the peace, who shall hold any office or appointment of profit or trust under the government of the United States, or of this State, or of any city or incorporated district . . . or common council of any city, or commissioners of any in-

corporated district, is, by law, incapable of holding or exercising at the same time the office or appointment of judge, inspector or clerk of any election . . . and that no . . . officer of any such election shall be eligible to any office to be then voted for except that of an election officer."

Counsel for relator have mentioned in their briefs, as have also counsel for respondent, the Act of June 13, 1840, P. L. 683, which related to notice of township elections and eligibility to office and provided that "nothing in this act, or in the act to which this is a supplement contained, shall be construed to prohibit a judge, inspector, or clerk of election from being voted for to fill any township office, or render either or any of them uneligible to hold the same." However, in the course of the oral argument, counsel for respondent did not contend that this act supported their position. Judge Broomall, in Commonwealth v. Edwards, 24 Dist. R. 729, held the provisions of this act to be inconsistent with the provisions of the Constitution and not saved by the provision of the Constitution that laws then in force, not inconsistent therewith, should continue to be in force.

Defining the positions of the parties here, counsel for relator rest their case upon article VIII, sec. 15, of the Constitution of 1874, which provides that no election officer shall be "eligible to any civil office to be filled at an election at which he shall serve, save only to such subordinate municipal or local offices, below the grade of city or county offices, as shall be designated by general law." They further take the position that the Act of 1895, supra, relating to notice of elections, has, in effect, repealed the provisions of the Act of 1840, in the event it could be held to have continued under the Constitution of 1874.

If we are to adopt the position of counsel for respondent, then any discussion as to the last-mentioned acts is purely academic. Their position is that section 207 of the School Code is the designation called for by article VIII,

sec. 15, of the Constitution of one of the subordinate municipal or local offices, below the grade of city or county offices, to which an election officer is eligible when filled at an election at which he shall serve.

The decision of the question whether this section of the School Code is such a designation by general law must determine this case. It is argued that a general law properly making such designation should affirmatively state and designate specifically the local offices to which an election officer may be eligible. Of course, such designated offices would have to be of the class of subordinate municipal or local offices specified in the constitutional provision.

The first obstacle to the acceptance of this position is that we naturally expect the general law undertaking to make this designation to follow, in form and possibly even by reference, the constitutional provision which permits such legislation; in other words, that the legislation should be in regard to the eligibility of election officers and should designate such subordinate local offices to which the candidate might be eligible where the election is held by an election board upon which he is serving. Upon consideration, we have come to the conclusion that, as to the designation of such subordinate offices, the only requirement contemplated by the above provision of the Constitution is that it shall be by general law, without regard to whether it is passed from the viewpoint of the election officer or of the subordinate office to which he may be elected while serving as an election officer.

We then have to consider the section of the School Code upon which the respondent relies. It is true that we must find that the office of school director is such a "subordinate municipal or local office, below the grade of city or county offices," as comes within the class, fixed by the constitutional provision, as to which the legislature is given power to make this designation. There is one line of decisions which might indicate that the office of school director is not of this character but that the quasi-corporation known as

the school district is a department or agency of the State, as was stated in Ford v. Kendall Borough School Dist., 121 Pa. 543. Being of the opinion that the matter under consideration by the court in that and similar cases does not preclude the position here taken, we have come to the conclusion that the office of school director is such a subordinate local office and subject to be designated as one of the exceptions to the general provision that an election officer is not eligible to any civil office to be filled at an election at which he shall serve.

While not accepting the opinion of President Judge Pearson of Dauphin County in a contested election case of that county, In re Election of District Attorney of Dauphin County, 11 Phila. 645, as an authority which determines this case as a whole, we do give weight to his statement in respect to the character of the office of school director. The case was decided on December 26, 1874, and it will be noted that that eminent jurist had in mind the constitutional provisions now being discussed. It is realized that this statement of the law referred to a collateral matter in that case, but it must be given some weight as holding that the offices of school director and election officer were not incompatible when he said (pp. 647-648):

"There was no incompatibility. The office of school director, in a township, does not come within the incompatibility provisions of the 15th section of the 8th article of the constitution. It is not a city or county office, nor is it an employment in a municipal board, commission, or trust, in any *city*. It is rather 'a subordinate municipal, or local office, below the grade of city or county offices.' It has neither profit nor patronage attached to it, although useful and respectable, it is rather a position of burden and trust, than of profit. We might as well declare the office of fence-viewer, town clerk, or supervisor of highways incompatible with the office of judge or inspector of elections."

We come now to consider whether section 207 of the School Code, which is admittedly a general law, is a sufficient designation of the office of school director as one of the subordinate municipal or local offices to which an election officer may be declared eligible when the office is filled at an election at which he serves as an election officer. The general provision of the act that "Any citizen of this Commonwealth having a good moral character . . . shall be eligible to the office of school director", standing alone, would not seem to have such a relation to the constitutional provision as would justify the position that the legislature had in mind the question of incompatible offices or was designating any office to which an election officer might be elected through the agency of the board upon which he was serving. But the particularity of the provision of that act specifying at great length what persons "shall not be eligible as a school director in this Commonwealth" presents an entirely different situation. Some 22 offices, elective and appointive, many of them subordinate municipal or local offices such as are contemplated by the constitutional provision, form the long list of offices incompatible with the office of school director. The act makes all citizens of this Commonwealth who have the qualifications listed therein, except those who may hold one of the proscribed offices actually listed, eligible to the office of school director. It would seem, then, that the legislature had in mind very particularly this question of incompatibility, and mention of all the proscribed offices must be held to exclude those not so listed. The office of election officer is not listed in this latter class. If this act is to be given full effect, therefore, the office of school director must be held sufficiently designated as such a subordinate municipal or local office to which an election officer will be eligible when filled at an election at which he shall serve.

The title to this act is broad enough to justify the provision which we have been considering, the purpose of the act being to establish a system of public school administration complete in itself. At the end of the repealing clause

which lists specific acts, extending from page 438 to page 461, we find that the repealing clause extends also to any and all other acts of assembly, general, special or local, or parts thereof, that are in any way in conflict or inconsistent with this act, or any part thereof. From this we must conclude that if the Act of June 26, 1895, P. L. 392, above referred to, had any bearing on the present question, it must be considered as repealed.

Under the above reasoning, we must find against the relator and in favor of the respondent, and the following order will be made:

### Order and decree

And now, February 20, 1936, after hearing upon the demurrer filed in this case and upon due consideration, judgment is hereby entered on the demurrer in favor of the respondent and against the relator, and the relator is ordered to pay the costs of these proceedings.