Devlin, Exrx., Appellant, *v.* Philadelphia School District.

Argued November 30, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Maurice H. Brown,* with him *William N. Nitzberg,* for appellant.

*Charles I. Thompson,* with him *James W. Nelson* and *Robert von Moschzisker,* for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1940.

After our decision in *Donze v. Devlin,* 329 Pa. 1, wherein we held that the lower court erred in refusing to take off a compulsory nonsuit, the counsel in that action arrived at an amicable settlement, and judgment was entered by stipulation against the defendant. The present use plaintiff paid this judgment of $2,500. This action in assumpsit was instituted to recover that amount, which it is agreed was a fair and reasonable settlement, and other costs in connection with the litigation. This appeal is from the action of the lower court in entering judgment for defendant upon the basis of a stipulation of facts agreed by counsel to constitute a case stated.

In 1929 the School District of Philadelphia leased a vacant school building to Boy Scout Troop No. 283, District 10, from month to month at a nominal rent. Following the execution of the written lease, the scouts constantly used the building and stored therein certain troop property, including books, desks, flags and drums. On July 28, 1931, the School District entered into a contract with John Devlin, Jr., for the demolition of the building. It did not inform him, however, of the scouts' leasehold interest. It likewise neglected to terminate the lease or in any manner notify the scouts that the demolition work was to begin. On the morning of August 19, 1931, the lease being still in full force, three of the scouts, having just learned that the building was being torn down, went there to remove the troop property. They were prevented from doing so by Louis Doyle, Devlin's foreman, who told them to come back later when the men were not working,

"if they wanted to get their stuff out." This they did, bringing with them a younger brother of two members of the troop, a boy ten years of age. The latter, while helping retrieve some books from a window sill in one of the rooms of the second floor, fell through the open floor and was injured. The whole length of the floor had been torn up for a distance of five feet from the wall. As he was walking along a beam to get to the sill, he slipped on some loose plaster and fell.

On appeal to this court in the action by the minor and his parents to recover damages for the boy's injuries, we held the nonsuit entered to be improper upon the ground that the minor was an invitee of the rightful tenant of the premises, and that the contractor, as a trespasser, was responsible for his negligence in creating a condition which he should have recognized as involving an unreasonable risk of causing the injury which in fact occurred. We concluded by saying (*Donze v. Devlin,* supra, page 4) : "The contractor completely disregarded the scouts' superior right to the premises and his negligence was for a jury's consideration. It may be added that the contributory negligence of a child ten years old is particularly for a jury. Needless to say, defendant's evidence may completely change the appearance of the case." However, the voluntary settlement of the case precluded any judicial determination of the present plaintiffs' liability to the Donzes. At no time during the course of the action did the contractor give the School District an opportunity to participate in defense of the action, nor was it ever suggested by the present plaintiffs prior to February 21, 1938, that they considered the School District to be the true party responsible. It was at that time, one week after payment of the sum agreed upon in the settlement, that they first made demand upon the School District for reimbursement.

The position taken by the learned court below is unanswerable. It based the entry of judgment for de-

fendant upon the ground that the primary cause of the injuries sustained by the boy was an independent act of negligence of the foreman employed by the contractor. The reasoning bears repeating here: "It is probable that the foreman did not realize that his employer was in the position of a trespasser with respect to the tenant of the building. Nevertheless, he was aware of the conditions within the partly demolished building and was bound to anticipate that injury might occur to boys entering the building for the purpose of removing the scout property. In other words, he knew that a dangerous condition existed, and that the boys, whom he had invited to return to the building, would have to traverse a dangerous section of the second floor in order to reach the window sill where some of the scout property was located. Notwithstanding this knowledge, he gave the invitation to the boys to return at the close of the work-day, at a time when no older person would be present to warn them or to supervise their movements about the building. He took no steps to cover the exposed area from which the floor had been removed. With very little trouble he could have assembled all of the scout property and placed it where it could have been obtained by the boys without risk of injury. Doyle was unquestionably negligent, and his negligence was the proximate cause of young Donze's mishap. It is true that the contractor was put in the position of a trespasser by the failure of the School District to terminate the outstanding lease prior to the award of a contract for the demolition of the building, and the contractor was also prejudiced in his position by the failure of the school authorities to notify him of the existing tenancy. But neither of these things was the primary cause of the injury to the boy and the consequent outlay required of the plaintiff to compensate the youth for those injuries. That primary cause was the negligence of Devlin's foreman, and the plaintiff cannot require the defendant to indemnify the con-

tractor's estate against responsibility for that negligence of his own employee."

Further analysis amply supports the court's conclusion that defendant's neglect to notify the contractor of his status as trespasser was not the primary cause of plaintiffs' expenditures. Although no express notice of the scouts' rights was given Devlin, he acquired through his foreman knowledge that scout property was on the premises. This should have evoked inquiry as to whether the property was there through no fault of the scouts; for, if so, the scouts had the right to enter for the purpose of removing it: See *Chambers v. Bedell*, 2 W. & S. 225, 226; Bohlen, Incomplete Privilege to Inflict Intentional Invasions of Interests of Property and Personality, 39 Harvard Law Review 307, 310. In view of the manifest danger to the boys, a reasonable man in Doyle's position would have asked them how their property came to be in the building and then verify the assertion that they were tenants. This would have entailed but slight effort. Prudence should have counseled an inquiry as to the exact nature of their rights in the premises. It cannot reasonably be argued that a construction foreman does not have as an incident of his normal authority the supervision of all operations at the scene of the demolition including the exclusion of trespassers. These boys satisfied him that they had a legitimate interest in entering the premises. Content not to inquire further into the nature of their right, he gave them a blanket invitation to enter and remove their goods when the men left work. Not having made due inquiry, he is legally in the same position in which he would have been had he acted with full knowledge or notice of all that the inquiry probably would have disclosed: *Leonard's Appeal*, 94 Pa. 168; see Restatement of Agency, section 272. The foreman was fully aware of the conditions within the partly demolished building and he was bound to anticipate that injury might occur to boys entering the building.

The contractor is certainly chargeable with his foreman's negligence which was directly responsible for the boy's injury.

Nor can it be said that the School District was actually the party liable to the Donzes; and that therefore plaintiffs are entitled to restitution of the sums they expended in the satisfaction of defendant's liability. Such a contention is untenable. In answer to a suit by the Donzes, the School District could have successfully urged that any possible liability was excused because of the well established rule that a school district is a public charity and a state agency, performing governmental functions, and while acting within the legitimate scope of these functions it is not liable for negligence in connection therewith by either its officers or servants: *Wallace v. School District*, 316 Pa. 388; *Carlo v. Scranton School District*, 319 Pa. 417; *Goldstein v. Philadelphia School District*, 329 Pa. 71.

Judgment affirmed; appellant to pay costs.