## Michael, Appellant, *v.* Lancaster School District.

Argued November 13, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Bernard J. Myers, Jr.,* with him *Brown & Zimmerman,* for appellant.

*Theodore L. Brubaker,* Solicitor for Lancaster School District for appellee.

OPINION PER CURIAM, January 16, 1958:

The order of the court below sustaining the preliminary objections filed by the defendant School District of Lancaster is affirmed on the opinion of President Judge WISSLER, 11 Pa. D. & C. 2d 150.

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Gary Michael, the minor plaintiff in this case, was badly injured in the right eye when, while playing on the playground of the Reigart school in Lancaster, he was struck by a bicycle and thrown against a defective, jagged, wire fence. The minor and his father sued the Lancaster School District, averring that it was negligent in allowing bicycle riding on the playground and in failing to keep the wire fence in a state of repair. The School District filed preliminary objections stating that at the time Gary was injured, the School District was acting within the scope of its governmental functions.

The lower Court sustained the objections and dismissed the Complaint.

While this Court has often said that a school district cannot be held liable for torts committed by its officers

(*Ford v. Kendall,* 121 Pa. 543), it has not yet passed on the Act of April 26, 1949, P.L. 726, 24 P.S. 5-511(f) which provides: "The board of school directors of any district is hereby authorized to appropriate any monies of the district for the payment of medical and hospital expenses incurred as a result of participation in such athletic events or games, practice or preparation therefor, or in transportation to or from such athletic events or games, or the practice or preparation therefor, and for the purchase of accident insurance in connection with such participation and transportation."

There is nothing in this section which would suggest that a school district may authorize payment of medical and hospital expenses in some cases and refuse payment in others, once it is established that the injuries complained of resulted from athletic events or games; and if a school district refuses to make payment in a proper case it should be answerable in Court to the aggrieved party.

In the case of *Martini v. Olyphant,* 83 D. & C. 206, Dominick Martini, a high school football player, was ordered into a game with a defective head gear. There are many moments when a football game produces a commotion and violence which would make an Apache war dance seem like a Sunday School picnic in comparison. In one of these moments, Dominick lost his battered head gear and he. was stepped upon, kicked and otherwise manhandled to the extent that his nose was broken and he was carried off the field as if dead. His parents sued the Olyphant School District for damages. The Court of Common Pleas of Lackawanna County held that a football game, so far as the players themselves are concerned (with the coaches, managers and attendants) is an educational activity, and therefore is also governmental, because the game offers "a controlled outlet to the unbounded energy and activity

212

of youth as developed and encouraged in a program of physical education."

It is difficult for me to see how much government is involved in a decimating line plunge or in a stampeding intercepted forward pass, but I do agree with Judge HOBAN who authored the interesting and excellently written opinion when he said: "We point out that plaintiffs here are not without remedy, since the Public School Code of March 10, 1949, P.L. 30, sec. 511(f), as amended, authorized appropriation of money by the school district for the payment of medical or hospital expenses incurred as the result of participation in athletic events or games, practice or preparation therefor, and for the purchase of accident insurance in connection with such participation. This section is a recognition of the responsibility of school districts for such legitimate expenses." I would follow Judge HOBAN'S recommendation and allow the plaintiffs in this case to prove their case on medical expenses incurred as a result of the alleged negligence of the Lancaster School District.