## Supler, Appellant, *v.* North Franklin Township School District.

Argued April 24, 1962. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*Adolph L. Zeman,* with him *Robert L. Zeman,* and *Zeman & Zeman,* for appellants.

*Francis H. Patrono,* with him *Patrono and Edwards,* for school district, appellee.

Opinion by Mr. Chief Justice Bell, June 28, 1962:

Plaintiffs seek damages for personal injuries suffered by minor plaintiff, Joseph W. Supler, as a result of alleged negligence on the part of defendant, W. A. Burson, an employee of defendant School District of

North Franklin Township. Defendant School District filed an answer to plaintiffs' complaint alleging under New Matter, that it is immune from suit for the negligence of its employees while engaged in the governmental functions of the School District, and praying that the suit be dismissed. Plaintiffs then filed an Answer to New Matter averring that at the time of the occurrence of the injury the School District was fully *insured* against the risk involved in this case. Plaintiffs further averred that the insurance constituted a waiver of the defense of governmental immunity from suit and that in any event, by reason of such insurance, plaintiffs are entitled to maintain this action and recover a judgment against the School District to the extent of the insurance coverage. Defendant School District thereupon filed a motion for judgment on the pleadings. The Court en banc directed the entry of judgment in favor of defendant School District. From that judgment, plaintiffs took these appeals.

Since *Ford v. Kendall Borough School District*, 121 Pa. 543, 15 A. 812, was decided in 1888, this Court has always applied the rule that a School District is not liable in trespass for the negligence of its officers and employees while engaged in *governmental* functions:* *Michael v. Lancaster School District*, 391 Pa. 209, 137 A. 2d 456; *Kesman v. Fallowfield Township School District*, 345 Pa. 457, 29 A. 2d 17; *Devlin v. Philadelphia School District*, 337 Pa. 209, 215, 10 A. 2d 408; *Goldstein v. Philadelphia School District*, 329 Pa. 71, 196 A. 863; *Carlo v. Scranton School District*, 319 Pa. 417, 179 A. 561.

---

* It is immaterial to the result in this case but in the *Ford* case, supra, no distinction as to tort liability was drawn between governmental and proprietary functions of School Districts. However, it is now recognized that School Districts are liable for torts occurring with respect to proprietary functions: *Morris v. Mount Lebanon Township School District*, 393 Pa. 633, 144 A. 2d 737, and cases cited therein.

While plaintiffs recognize that these cases express the long and well settled law of Pennsylvania, they ask us (1) to overrule them, which once again we refuse to do, or (2) if not, to modify the law and hold it inapplicable where the School District is covered by liability insurance. Practically the same arguments were presented to this Court and rejected by us in *Michael v. Lancaster School District*, 391 Pa., supra, and in *Kesman v. Fallowfield Township School District*, 345 Pa., supra. In the *Kesman* case, this Court, in summarily dismissing appellants' contentions, said (page 458) : "It has been repeatedly held that school districts are not liable for such negligence: Devlin v. Phila. School District, 337 Pa. 209, 10 A. 2d 408; Goldstein v. Phila. School District, 329 Pa. 71, 196 A. 863; Carlo v. Scranton School District, 319 Pa. 417, 179 A. 561; Ford v. Kendall Borough School District, 121 Pa. 543, 15 A. 812. The same rule prevails in many other jurisdictions.

"In appellants' argument, it is suggested that as the defendant protected itself by liability insurance, it waived the immunity otherwise conceded to exist. No principle was suggested that would support a judgment against the defendant: compare Silverstein v. Kastner, 342 Pa. 207, 20 A. 2d 205."

Plaintiffs further argue the rule should be modified because otherwise a School District which purchases liability insurance receives no value for the money it expends on premiums, if the district is protected by the doctrine of governmental immunity. The fallacy in this contention is demonstrated by *Morris v. Mt. Lebanon Township School District*, 393 Pa., supra, in which this Court held the School District liable for a tort committed in the performance of a proprietary function. It follows that a School District which purchases liability insurance does receive value since it protects itself against liability arising from its participation

in proprietary functions. · However, even if plaintiffs' assumption were correct, it would not be a legally sufficient reason to justify a judicial change in the law.

If the Supreme Court were a super Legislature, which it is not, it would seem to many persons to be unjust to allow recovery to an injured person where the Governmental Authority carries insurance and to deny recovery to an injured person where the Governmental Authority is not insured. Under plaintiffs' theory the right to recovery at all, and the amount of the recovery, would depend not upon principles of justice and the magnitude of the injury, but upon whether insurance was carried and, if so, the amount thereof.

If it is to be the policy of the law that the Commonwealth or any of its instrumentalities or any political subdivisions are to be subject to liability for the torts committed by their officers or employees while engaged in governmental functions, the change should be made by the Legislature and not by the Courts.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.