Shields, Appellant, *v.* Pittsburgh School District.

Argued April 24, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Theodore M. Tracy,* with him *Stokes, Lurie & Tracy,* for appellants.

*Edmund W. Ridall, Jr.,* Assistant Solicitor, with him *Niles Anderson,* Solicitor, for school district, appellee.

OPINION BY MR. JUSTICE EAGEN, September 25, 1962:

The minor plaintiff, Steve Shields, seven years of age, on August 13, 1960, about 7:30 o'clock p.m., while in a playground maintained by the defendant, the School District of the City of Pittsburgh, on land adjacent to one of its elementary schools, fell against an allegedly defective fence injuring his eye, resulting in its loss of vision.

This suit for damages followed. Plaintiffs contend that the school district was negligent in allowing the gate, or entrance to the playground to remain open during the school vacation period, and in permitting the fence enclosure to be in a dangerous and defective condition. The court below sustained preliminary objections to the complaint in the nature of a demurrer and entered judgment for the defendant. The plaintiffs appeal.

A narrow question is presented for decision, namely, upon the occasion involved: Was the defendant engaged in the performance of a proprietary, as distinguished from a governmental, function?

In Pennsylvania, it has long been the rule that a school district is not liable in trespass for the negligence of its officers and employees committed while engaged in a *governmental* function: *Supler v. N. Franklin Twp. School Dist.,* 407 Pa. 657, 182 A. 2d 535

(1962). However, the rule is equally well established that this immunity does not prevail if the negligent act is committed in the course of a private or proprietary function: *Morris v. Mt. Lebanon Twp. Sch. Dist.*, 393 Pa. 633, 144 A. 2d 737 (1958).

The legal demarcation between acts that are governmental and proprietary in nature is not easily resolved. The tests frequently suggested are confusing and have proven unsatisfactory in many practical respects.

Herein the use of the playground, at the time involved, was without any pecuniary gain to the school district. Further, the Public School Code specifically authorizes a school district to furnish and maintain a playground for the "education and recreation" of persons living within the district. See Sections 502 and 702 of the Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §§5-502, 7-702.

Appellants' argument that this authorization is limited to the scholastic period of the school year and that during the vacation period such playgrounds should be locked up and the public deprived of their use is not realistic or convincing. But, even if we assume this to be correct, the code also specifically authorizes the use at anytime of public school buildings, grounds and facilities for social, recreational, and other non-educational functions so long as such activities do not interfere with school and educational programs. See Section 775 of the Act of 1949, supra, 24 P.S. §7-775.

We, therefore, conclude that, under the circumstances presented, the defendant school district was engaged in a governmental function and that the long established rule of immunity applies. The case of *Michael v. Lancaster School District*, 391 Pa. 209, 137 A. 2d 456 (1958), is strikingly similar.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.