# Dillon v. York City School District

*Dell'Alba, Gailey & Gilbert,* for plaintiffs.
*Stetler and Gribbin,* for defendants.

ATKINS, P. J., November 15, 1965.—Plaintiffs' complaint alleges that on February 27, 1962, the minor plaintiff slipped and fell while descending a flight of eight concrete steps on the exterior of the school building maintained by the York City School District. She was enroute from a class in that building to a class in another building nearby, which was also maintained by the York City School District. The fall was allegedly caused by an accumulation of ice that had become

glazed and ridged. The school district knew, or should have known, of the condition prior to plaintiff's fall. Damages are claimed from the school district for injuries alleged to have been suffered by the minor plaintiff as a result of this fall.

The complaint alleges that the school district, at the time of the incident, had in effect a policy of liability insurance sufficient to indemnify it against any award of damages that might be made in the case.

The school district has filed preliminary objections in the nature of a demurrer, alleging it was in the scope of its governmental function at the time of the incident, and in the nature of a motion to strike from the complaint all allegations regarding liability insurance maintained by it. Both the demurrer and the motion to strike must be sustained.

In Supler v. North Franklin Township School District, 407 Pa. 657, decided in 1962, the Supreme Court not only specifically reaffirmed the principle that a school district is not liable in trespass for the negligence of its officers and employes while engaged in governmental functions, but it also, in that case, held that the purchase of liability insurance did not constitute a waiver by the school district of the rule of immunity from liability for torts committed by its officers and employes in the performance of governmental functions. Here, plaintiff conceded in argument that the school district was engaged in a governmental function. For an example of such a function, see Shields v. Pittsburgh School District, 408 Pa. 388.

Although this is the law of Pennsylvania, as announced by our Supreme Court, the modern tendency is to abandon the rule of immunity as applied to municipal corporations and school districts. See Hargrove v. Town of Cocoa Beach (Florida), 96 So. 2d 130; Molitor v. Kaneland Community Unit District #302, 18 Ill. 2d 11, 163 N. E. 2d 89; Spanel v. Mounds View School

District #621, 264 Minn. 279, 118 N. W. 2d 795; 32 Temple Law Quarterly 1.

Plaintiff suggests that Flagiello v. Pennsylvania Hospital, 417 Pa. 486, amounts to an abandonment of the rule of immunity in Pennsylvania. In that case, the Supreme Court did abandon the rule, so far as it applied to charitable organizations. We find nothing in that opinion to indicate that the court intended that decision to cover anything but charitable organizations. It is difficult to ascribe a reason why immunity should apply to governmental agencies, and not to charities, or in fact why it should apply to governmental agencies in some activities and not in others, as, for instance, governmental functions as opposed to proprietary functions. In Ford v. Kendall Borough School District, 121 Pa. 543, the Supreme Court found a reason unnecessary when it solved the problem by saying:

"But we are not disposed to quarrel with decisions, or unsettle old and well established rules, hence we have but to say that whilst the doctrine respondeat superior does apply to townships, boroughs, and cities, so far as streets and roads are concerned, it does not apply to school districts".

Therefore, until our appellate courts determine that respondeat superior applies to the school district whose employes allow ridges of ice to accumulate on the steps of a school building, causing injury to a student traversing those steps while enroute from one class to another, just as it would to a city whose servants allowed a defect to exist in a street and cause injury to that same student while enroute to his home at the close of a day in school, we must enter this order without leave to amend, since an amendment here would be unavailing.

And now, to wit, November 15, 1965, it is ordered, adjudged and decreed that the preliminary objections of defendant, York City School District, be and are

hereby sustained, and judgment is entered in favor of the York City School District and against plaintiffs, Donna L. Dillon, a minor, by her guardians, Donald W. Dillon and Esther M. Dillon, and Donald W. Dillon and Esther M. Dillon, individually. An exception is granted to plaintiffs to the action of the court in this regard.