B. **Jay BICHREST, a minor, by his parents and natural guardians, et al.,**

**v.**

**The SCHOOL DISTRICT OF PHILADELPHIA et al.**

**Civ. A. No. 72-186.**

United States District Court, E. D. Pennsylvania.

July 31, 1972.

Joseph J. Bichrest, in pro. per.

Vincent J. Salandria, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

BECHTLE, District Judge.

Plaintiffs bring this civil rights action under 42 United States Code, § 1983 for damages of Eight Hundred Thirty Dollars ($830.00), an amount equal to the cost of sending their minor son to a private non-sectarian school for one semester. Jurisdiction is claimed under 28 U.S.C., § 1343. The plaintiffs are the parents and natural guardians of B. Jay Bichrest, who was six (6) years

old on March 27, 1971. They live in Philadelphia, Pennsylvania, are home-owners and pay taxes that, among other things, supports the public school system in Philadelphia. They sue on behalf of themselves and the minor child. Named as defendants are The School District of Philadelphia, the President of the Board of Public Education and the Superintendent of that district in their official and in their individual capacity. The matter is before us on defendants' motion to dismiss the action because (1) this Court lacks jurisdiction over the subject matter, (2) the complaint fails to state a claim upon which relief can be granted, and (3) this Court should abstain from deciding this case.

Defendants' claim this Court lacks jurisdiction over the subject matter of this action because the complaint fails to aver that they have violated any specific statutory or constitutional obligation.

■ The complaint alleges that the Commonwealth of Pennsylvania has undertaken the responsibility of providing for "the maintenance and support of a thorough and efficient system of public education[1] to serve the needs of the Commonwealth" through the Pennsylvania Public School Code of 1949, as amended.[2] Therefore, the Commonwealth is constitutionally obligated to make available the opportunity of an education on equal terms to all persons. The individual defendants at various times have been given the responsibility under the Public School Code for providing an education to persons between the ages of six (6) and twenty-one (21) years.[3] The defendants, acting under State law, are denying B. Jay Bichrest, the equal protection of the laws under the Fourteenth Amendment to the Federal Constitution by depriving him of an opportunity to get a free education in the Philadelphia public schools.

Subsections (3) and (4) of 28 U.S.C. § 1343 grant original jurisdiction on the Federal District Courts in cases involving alleged denial of equal protection clause of the Constitution. McNeese v. Board of Education, 373 U.S. 668, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963). Also see Johnson v. Robinson, 296 F.Supp. 1165 (D.C.Ill.1967), aff'd 394 U.S. 847, 89 S.Ct. 1622, 23 L.Ed.2d 30. The claim here is not plainly insubstantial or frivolous. This Court has jurisdiction over the subject matter of this action.

■ There is more substance to defendants' contention that the complaint fails to allege a claim against them upon which relief can be granted, but not for the grounds asserted by them.[4] The School District of Philadelphia, one of the named defendants, is not a "person" within the meaning of 42 U.S.C. § 1983 in an action for damages.[5] Harkless v. Sweeny Independent School District, 427 F.2d 319 (C.A.5, 1970) cert. den. 400 U. S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439;

---

1. Pennsylvania Constitution, P.S., Art. 3, § 14, amending and renumbering Art. 10, § 1 on May 16, 1967.

2. Act of May 10, 1949, P.L. 30, Art. I, § 101, 24 P.S. § 1–101 et seq.

3. See §§ 211, 501 and 701 of the Pennsylvania Public School Code of 1949, 24 P.S. §§ 2–211, 5–501 and 7–701.

4. The grounds asserted by them are: "No constitutional or statutory basis for recovery by plaintiff has been averred." and "The complaint is based on factual contentions which the Court must conclude are fallacious as a matter of judicial notice."

5. Though § 213 of the Pennsylvania Public School Code of 1949, 24 P.S. § 2–213, permits each school district to sue and be sued in its corporate name, a school district is not liable for the torts of its agents and employees in the exercise of a governmental function. Michael v. School District of Lancaster, 391 Pa. 209, 137 A.2d 456 (1958) ; Esposito v. Emery, 249 F.Supp. 308 (D.C.Pa.1966), aff'd 402 F.2d 878 (C.A. 3, 1968) ; Meyerhoffer v. East Hanover Township School District, 280 F.Supp. 81 (M.D.Pa.1968).

Under the Supremacy Clause of the Federal Constitution, immunity under state law will not protect defendants against a cause of action grounded on a federal statute. See McLaughlin v. Tilendis, 398 F.2d 287, 290 (C.A.7, 1968).

Harvey v. Sadler, 331 F.2d 387, 390 (C.A.9, 1964); Blount v. Ladue School District, 321 F.Supp. 1245, 1250 (D.C.Mo. 1970). Compare: Porcelli v. Titus, 302 F.Supp. 726, 730 (D.C.N.J.1969), aff'd 431 F.2d 1254 (C.A.3, 1970), where injunctive relief was also sought. As to the School District, the motion to dismiss will be allowed.

This brings us to the individually named defendants.[6]

■ A school district of Pennsylvania is an agent of the State legislature to administer its duty to maintain a thorough and efficient system of public schools. Slippery Rock Area Joint School System v. Franklin Township School District, 389 Pa. 435, 133 A.2d 848 (1957). Responsibility for carrying out the function of the school district in Philadelphia has been placed upon the Board of Public Education,[7] consisting of fifteen (15) members. The Board appoints a Superintendent of Schools, who is responsible to it for the conduct of his departments, and he is required to make an annual report to it and from time to time submit such plans and suggestions for the improvement of the school system as he deems expedient or as the Board shall require. He is to act as Chairman of the Board of Examiners, who examine all applicants for places upon any eligible list for employment.[8] To the extent that this action is directed against a member of the Board and its appointee in their official capacities, it is a suit against the School District of Philadelphia. Therefore, the complaint against the two individual defendants, in their respective official capacity, will be dismissed. See Bennett v. Gravelle, 323 F.Supp. 203, 210–211 (D.C.Md.1971). This ruling leaves the individually named defendants in their *individual* capacity as party defendants, and brings us to the question of whether the complaint states a claim upon which relief can be granted as to them.

The complaint charges the defendants with failing to provide an educational opportunity to B. Jay Bichrest on equal terms with others because the Philadelphia public schools are both *inadequate* and *unsafe*. For these reasons, the parent-plaintiffs assert that they have enrolled their son, B. Jay Bichrest, in a private non-sectarian school in Philadelphia at a cost of Eight Hundred Thirty Dollars ($830.00) for the semester which began in September of 1971 and ended in June of 1972. The plaintiffs' complaint states the public schools are inadequate as follows:

\*    \*    \*    \*    \*    \*

"16. The public school system within the Philadelphia School District does not consistently provide the education that they are mandated to provide since the students who are graduated from the public schools . . . do not meet up with the measured standards of performance and achievement of students from most other school districts within the Commonwealth.

"17. The students of the public school system within the Philadelphia School District when tested and compared with the performance and achievements of students nationwide fall below the national average.

6. It is apparent that in any event plaintiffs cannot recover the full amount of the $830.00 claimed as damages. The complaint was filed January 26, 1972, over four months after the 1971–1972 school semester had gotten underway. Mr. William Ross and Dr. Matthew Constanzo were appointed to their respective posts in December of 1971. The conditions or state of affairs for which plaintiffs sue began before they assumed their offices. Their liability can be based only on what transpired ater they assumed their duties. Their respective immediate predecessors, Mr. Richardson Dilworth and Dr. Mark Shedd, are not named as party defendants. The other members of the Board of Public Education have not been named as party defendants either.

7. Sections 302 and 2102 of the Pennsylvania Public School Code of 1949, 24 P.S. §§ 3–302, 21–2102.

8. Sections 2104 and 2108 of the School Code of 1949, 24 P.S. §§ 21–2104, 21–2108.

"18. Essentially, the defendants are not providing an education that is adequate to meet the needs of the modern student preparing to compete with students from other school systems and other school districts for jobs or places in colleges, universities and trade schools."

\* \* \* \* \* \*

See Footnote [9].

What the plaintiffs mean by unsafe condition is explained in paragraph 19 of the complaint, which avers:

19. The number of incidents of violence, extortion, and gang rule that take place in the public school system of the School District of Philadelphia do not permit a parent to send his children to the public schools without grave trepidation.

■ A state is not constitutionally required to provide the opportunity of a free education for its inhabitants. But where it has legislatively assumed to do so, the opportunity becomes a right which must be made available to all on equal terms. Brown v. Board of Education, 347 U.S. 483, 493, 74 S.Ct. 686, 691, 98 L.Ed. 873 (1954). The defendants admit that the School District of Philadelphia has, through its current operating budget for the school year 1971–72, committed itself to, and has been expending the sum of Three Hundred Sixty-Five Million Dollars ($365,000,000.00) for the education of the public school children in Philadelphia.[10] We think the complaint sufficiently avers the deprivation of a constitutional right guaranteed to B. Jay Bichrest by the equal protection clause of the Fourteenth Amendment.

■■ Nevertheless, this is not a case where the defendants can be held liable in their individual capacity without allegations or proof that they acted personally (or refused to take any action) in the deprivation of plaintiffs' rights. The mere existence of the conditions about which plaintiffs complain as depriving them of their constitutional rights is not enough. The doctrine of vicarious liability based on *respondeat superior* does not supply a legal basis for liability under the Civil Rights Act. See Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969), where the Court said:

"The doctrine of *respondeat superior* has no place under the civil rights statute for '[p]ersonal involvement is contemplated.' Salazar v. Dowd, 256 F.Supp. 220, 223 (D.Colo.1966). Premised on personal culpability, these statutes are aimed at those who subject others to a deprivation of their constitutional rights, rather than at the state or city which employs them as the official with ultimate authority over them in the governmental hierarchy." 306 F.Supp. at 278.

In judging the propriety of dismissing a complaint in an action under 42 U.S.C. § 1983, the Court of Appeals for the Third Circuit said:

"It is clear from the statute's express language that, like federal habeas corpus in this respect, a civil rights complaint must portray specific conduct by state officials which violate some constitutional right of the complaint in order to state a claim for relief." Gittlemacker v. Prasse, 428 F.2d 1, 3 (C.A.3, 1970).

Since the complaint fails to portray specific conduct on the part of the individually named defendants, which deprived them of their constitutional rights, this matter also will be dismissed as to them in their individual capacity.

9. The fact that pupils in the Philadelphia public schools do not do as well as other students in Pennsylvania or nationwide may result from matters totally outside of the school system's obligation to remedy or power to even effectively reach (such as a multi-lingual environment, crowded living and home study conditions, inadequate domestic economic stability, motivation deficiencies caused by a variety of seemingly insoluble urban obstacles to individual progress and achievement, etc.), as well as from the quality of the teaching provided in the public school system. On the motion to dismiss we will assume that it results from the latter.

10. Brief of Defendants, p. 13.

254

For the purposes of this case, our ruling on the motion to dismiss ends the case in this Court. In the event that ruling is reversed on appeal, the matter would be remanded to us for the ruling on defendants' *motion seeking to invoke* the abstention doctrine. At this juncture we see no underlying issue of state law controlling this obligation, nor have defendants pointed out any. If plaintiffs are permitted to go to trial on their claim, the defendants might bring to our attention some state law problem, the resolution of which may not be without substantial difficulty. Therefore, we will deny, without prejudice, their motion on this ground.