### Snyder v. Shamokin Area School District

*Myron M. Moskowitz*, for plaintiffs.
*Leonard R. Apfelbaum*, for school district.
*Sidney Apfelbaum*, for owner of premises.

MOSER, J., May 7, 1973.—The 12-year-old minor plaintiff, Joseph Snyder, suffered injuries allegedly due to the defective condition of an iron fence located on school property owned by the Bishop of the Roman Catholic Diocese of Harrisburg as trustee, and leased to the Shamokin Area School District. This suit for damages followed. Plaintiffs contend that the school district was negligent in allowing the fence to be in a dangerous and defective condition.

The school district filed preliminary objections in the nature of a demurrer to the complaint, and also a motion for judgment on the pleadings, both based on its assertion of immunity from liability for torts committed by its employes acting within the scope of its legitimate governmental functions. On March 26, 1973, attorneys for the parties appeared before the court (Moser, J.), and presented oral arguments and written briefs on the issues to be decided in this opinion.

Although subject to considerable criticism, it has long been the law of the Commonwealth that a school district is not liable in trespass for the negligence of its officers and employes while engaged in governmental functions: Supler v. North Franklin Township School District, 407 Pa. 657, 182 A. 2d 535; Dillon v. York City School District, 422 Pa. 103, 220 A. 2d 896.

In their arguments, counsel have made reference to the legal demarcation between acts that are by nature governmental and those that are proprietary. However, it does not appear to be disputed that on the occasion here involved, the school district was engaged in a governmental function: Shields v. Pittsburgh School District, 408 Pa. 388, 184 A. 2d 240; Michael v. Lancaster School District, 391 Pa. 209, 137 A. 2d 456.

Plaintiffs insist that the school district is liable in

this suit despite governmental immunity, due to the provisions of the written agreement between the school district and the owner, leasing the school property to the school district. Allegedly, by the lease terms, the school district agrees (1) to be responsible for all liability by reason of any injury to any person from any cause resulting from the use and occupancy of the leased premises, and (2) to obtain liability insurance at its own expense. Plaintiffs argue that by entering into an agreement containing such provisions, the school district waived its governmental immunity.

Plaintiffs point to Lansdale Court Apts., Inc. v. Lansdale Borough School District, 34 D. & C. 2d 302, and similar cases, as legal authority for the rule that governmental immunity should not be applied in the situation before us. Our review of those cases indicates that they involve suits for nonperformance of authorized contracts, which must be distinguished from cases such as the present one in which a governmental body is charged with vicarious liability as the result of tortious conduct by one of its servants.

Plaintiffs contend that the school district waived its immunity to tort liability by the purchase of liability insurance. This same argument was rejected by the Pennsylvania Supreme Court in Supler v. North Franklin Township School District, supra, and Dillon v. York City School District, supra.

Plaintiffs seek to avoid the application of the doctrine of governmental immunity by an allegation that the condition of the fence constituted a nuisance. In Carlo v. Scranton School District, 319 Pa. 417, 179 Atl. 561, the court considered the same contention in a case where the top of the flagpole fell, killing a school child. There it was stated: "It is unnecessary to consider whether the maintenance of an undoubted nuisance would, in the event of injury resulting from it, subject a school district to liability, for the allegations

of the statement of claim aver a breach of duty that cannot be distinguished in principle from other trespass cases in which pleas of immunity by school districts have met with judicial acceptance. The characterization as a 'nuisance' of the situation presented in the statement of claim is warranted only on the theory that every negligent act of omission or commission is a nuisance."

This court is convinced that this complaint, averring the creation of a nuisance, "cannot be distinguished in principle from other trespass cases" and, therefore, concludes that in this factual situation, essentially sounding in tort, governmental immunity may not be avoided by semantics: Klein v. Cheltenham Township, 96 Montg. 141.

### ORDER

And now, May 7, 1973, the preliminary objections filed by defendant, Shamokin Area School District, in the nature of a demurrer, are sustained, and the motion for summary judgment filed by defendant, Shamokin Area School District, is sustained, and judgment is hereby entered in favor of defendant, Shamokin Area School District, and against plaintiffs.