## Warren Borough School District v. Peck et ux.

*Alex. C. Flick, Jr.,* for plaintiff.

*Walter H. Scott* and *Richard P. Lott,* for defendants.

ARIRD, P. J., October 15, 1940.—This is an action in ejectment by which plaintiff seeks to recover possession of a portion of premises situated in Conewango Township, Warren County, Pa., known as "The Academy Lands", or "Warren Donation Academy Lands". The portion of said academy lands which is the subject matter of this action is the west half of subdivision 5 thereof, which is fully described by courses and distances in plaintiff's declaration, filed with plaintiff's abstract of title on July 2, 1937. Defendants filed their answer and abstract of title July 26, 1937, by which they pleaded not guilty, and further answered that there was a grant by presumption to one of the prior parties in their chain of title, based on a right by prescription, and that others in their chain of title had acquired title to the premises in question by adverse possession.

The case, being at issue, appeared on the trial list, but was continued several times. A motion for judgment on the pleadings was filed by plaintiff on July 18, 1940, and a rule to show cause was granted, returnable the first Monday of August 1940, stating that "Judgment may be given for plaintiff or defendant as the court may decide." After hearing oral argument on August 29, 1940, the court requested that briefs be filed, and counsel for both parties

submitted briefs, which have been carefully considered by the court.

Under the motion for judgment on the pleadings, the facts set forth in plaintiff's declaration and abstract and defendants' declaration and abstract must be accepted as true, and the question of law before the court is the following:

Can title by adverse possession be acquired against the trustees of Warren Academy, Board of School Directors of Warren Borough, or School District of Warren Borough, Pa.?

If the answer is affirmative, judgment must be given for defendants. If the answer is negative, judgment must be given for plaintiff.

Both plaintiff and defendants aver that their common source of title is the trustees of Warren Academy, who acquired title to the premises in question from the Commonwealth of Pennsylvania on or before June 28, 1830. The means by which the trustees of Warren Academy acquired title to said lands from the Commonwealth must be considered, to wit: The Act of April 11, 1799, 3 Sm. L. 381, sec. 1, provided, inter alia, that a survey be made of the reserved tract of land adjoining Warren, and that 500 acres be laid off for the use of such schools or academies as might thereafter be established by law in Warren. The Act of April 2, 1822, 7 Sm. L. 568, established the Warren Academy, named the trustees, and incorporated the same as "Trustees of the Warren Academy", and also granted to them the 500 acres of land next to Warren, laid off and reserved for the use of schools by the Act of 1799. The purpose of this grant of 500 acres was to give the academy a means of obtaining an income, and the trustees were restricted in their use of this land by the Act of April 14, 1827, P. L. 322, which provided in section 9 as follows:

"That the trustees of the Warren Academy shall have full power to farm, let, lease or otherwise dispose of the five hundred acres of land granted to the said academy

by the commonwealth of Pennsylvania for any term not exceeding one hundred years . . . and the secretary of the land office . . . required to grant a patent to the trustees [of the school] . . . so much of the sixth section of . . . 'An act to incorporate an academy or public school in the town of Warren . . . therein mentioned,' passed the second day of April, one thousand eight hundred and twenty-two, as is hereby altered or supplied . . . repealed."

Plaintiff's abstract of title shows a conveyance of the academy lands, including the land in question, by the trustees of Warren Academy (common source of title) to the Board of School Directors of the Borough of Warren, by deed dated April 30, 1898, recorded in the Recorder's Office of Warren County in Deed Book 84, at page 105. This conveyance shows it was made pursuant to order of the Court of Common Pleas of Warren County, Pa., and by authority of the Act of April 11, 1862, P. L. 471, sec. 16, which provides as follows:

"That the trustees of any academy, or seminary, in this commonwealth, which received money or land therefrom, for educational purposes, are hereby authorized and empowered to convey, by deed of not less than two thirds of their number, to be approved by the court of common pleas of the proper county, all the real estate, buildings and property, and funds of, or belonging thereto, to the board of directors, and their successors in office, of the common schools of the district in which the main building thereof may be situated, to be used and applied by said directors for the purposes of common school education therein, and for no other purpose . . ."

Plaintiff's abstract further shows that the official name of the school district located in Warren Borough was designated as that used by plaintiff by the School Code of May 18, 1911, P. L. 309.

Defendants' abstract shows that on or before May 10, 1870, title to the land in question was out of the trustees of Warren Academy and in one George Weiler. The

means by which this transfer was accomplished are not shown, but defendants state that said George Weiler and his heirs as a result of an uninterrupted use of the land for 21 years and over, acquiesced in by the trustees of Warren Academy, acquired a right by prescription from which a grant of the land is presumed. Defendants' abstract next shows a deed for the land in question from the heirs of George Weiler to one Jacob Seigrist, dated May 10, 1870, and recorded in Deed Book 34, p. 45, in the Recorder's Office of Warren County; and a further deed for the premises is shown from the heirs of Jacob Seigrist, Sr., to Jacob Segrist, dated May 17, 1890, and recorded in Deed Book 68, p. 703, in the Recorder's Office of Warren County; and a final deed for the premises is shown from Jacob Sechrist and wife (also known as Segrist) to defendants, dated January 3, 1934, recorded in Deed Book 187, p. 119, in the Recorder's Office of Warren County. Defendants' abstract also states that Jacob Segrist, Sr., his heirs, and Jacob Segrist, had open, notorious, and hostile possession of the land in question from May 10, 1870, to January 3, 1934, being more than 21 years.

From the above-stated facts, as set forth in the pleadings in this action, it must be taken as true that defendants, and their predecessors in the record chain of title, have occupied the land in question, in a manner and for a period of time sufficient to give them a valid claim of title to said land by adverse possession, if the land had been held and the claim made against a person, corporation or institution not protected from such a claim.

Counsel for plaintiff has taken the position that plaintiff and its predecessors in title, trustees of Warren Academy and Board of School Directors of Warren Borough, are protected from the general law on adverse possession, on the ground that adverse title cannot run against the Commonwealth, and hence cannot run against plaintiff, or its predecessors, for they are but agents or administrative branches of the Commonwealth, created to per-

form the constitutional duty of providing public education in the State.

The question of whether a claim to title by adverse possession can be sustained against an academy, school board, or school district seems to be one never passed upon by the courts of this Commonwealth. No case deciding this question has been presented to the court by counsel for either plaintiff or defendants, and the court has been unable to find such a case of record in Pennsylvania. The question might be a very difficult one to determine were it not for the fact that our Supreme Court has often discussed the nature of school boards and districts. They are territorial divisions for the purposes of the common school laws, and their officers, such as trustees, have no powers except by express statutory grant and necessary implications, and these are for the establishment and maintenance of the public schools: School District of the City of Erie v. Fuess, 98 Pa. 600; Briegel v. City of Phila., 135 Pa. 451.

The cases in which our Supreme Court has defined the nature of school districts seem to be mainly trespass actions to recover damages caused by the negligence of employes, and, in denying recovery, it has defined the nature of the school districts of Pennsylvania as follows:

"A school district is a state agency, performing governmental functions . . .": Carlo v. Scranton School Dist., 319 Pa. 417.

". . . we may assert positively, and without hesitation, that school districts are but agents of the commonwealth, and are made quasi-corporations for the sole purpose of the administration of the commonwealth's system of public education": Ford v. Kendall Borough School Dist., 121 Pa. 543, 547.

The nature of Pennsylvania school districts has also been defined by the Supreme Court of Pennsylvania in a recent case dealing with taxation as follows:

"Our common school system was not adopted in this state as it exists today until many years after the Revolu-

tion, though the Constitutions of 1776, 1790 and 1838, and the laws recognized its vitally important part in our existence. After Thaddeus Stevens' and Governor Wolf's famous crusade for education, our schools became an integral part of our governmental system, as a *state* institution: *Minsinger v. Rau*, supra, at 331; *Duff v. Perry Twp. School Dist.*, 281 Pa. 87; *Ford v. School Dist.*, 121 Pa. 543; *Board of Education v. Ransley*, 209 Pa. 51. The Constitution of 1874 fortified it and directed the legislature to maintain 'a thorough and efficient system of public schools'; Article X, Section 1. The school system, or the school districts, then, are but agencies of the state legislature to administer this constitutional duty": Wilson et ux. v. Philadelphia School Dist. et al., 328 Pa. 225, 230.

From the definitions found in these decisions of our Supreme Court, it is clear that the nature of the school districts of Pennsylvania has been well established. They are agencies of the Commonwealth, performing the constitutional duty of administering the system of public schools. They hold their property for this purpose only and are prohibited from diverting the same to any other uses. Trustees of the early academies of Pennsylvania and boards of school directors performed the same functions as our present school districts, and the same definition applies to them.

As it is well-established law that title by adverse possession cannot be acquired or established against the Commonwealth (Henry v. Henry, 5 Pa. 247), it is our opinion that such title cannot be acquired against an agency of the Commonwealth such as a school district. To hold otherwise would be to ignore the nature of school districts as clearly defined by the Supreme Court of Pennsylvania.

Defendants' counsel has urged the view that a grant from the trustees of Warren Academy to George Weiler, and his heirs, may be presumed because of the rights by prescription acquired by uninterrupted use of the land

for 21 years and over. The point was well argued and cases to support it were cited in defendants' brief, but in all the cases cited title could be acquired by adverse possession, and the presumption of grant was supported by acts which would give rise to a title by adverse possession. These cases do not apply to the case at bar, for adverse possession will not run against an agency of the Commonwealth, such as a school district. Hence there can be no presumption of a grant, although there has been uninterrupted and adverse use of the land for more than 21 years.

Therefore, the rule for judgment on the pleadings in favor of plaintiff and against defendants is made absolute. Judgment in ejectment for the premises as described in plaintiff's declaration is ordered in favor of plaintiff and against defendants.