## Hoburn v. Hempfield Township School District

*Anto, Myshin & Martin,* for plaintiffs.

*Robinson & Fisher* and *Walls & Morrell,* for defendants.

SCULCO, J., January 7, 1963.—Plaintiffs, Ronald Hoburn and Ronald Zappone, were minors at the time of this accident, and were students in the School District of Hempfield, now Hempfield Area School District. In May of 1960, an outdoor shelter was being constructed at the Fort Allen Elementary School, and students enrolled in the carpentry class of the Hempfield Area Senior High School were given the opportunity to work on this project during school hours as an extension of their classroom work. The two minor plaintiffs participated in this project, and were injured when the structure collapsed during construction.

These actions in trespass were filed on behalf of said minors against defendant school district and Wayne Podvia, the teacher in charge of said project. Preliminary objections in the nature of a demurrer were filed by defendant school district in each action.

The attorneys for plaintiffs and defendant agree that a school district is not liable for the negligence of its employes, if it is acting in its governmental capacity; therefore, we must examine the facts of this case and decide whether the school district was acting in a governmental or in a proprietary capacity.

The complaint avers that this was an open-air shelter being constructed on school property under the direction of the instructor of carpentry, and the build-

ing was approximately 20 by 40 feet, and 9 feet high. It was being built in conjunction with a playground located on said school grounds.

On April 20, 1960, one of the parents of each of the above named minors signed permission slips allowing their children to participate in this project. One of the reasons for this project was to give the students involved in the carpentry class an opportunity to combine acquired classroom knowledge and skills with practical experience. The permission slips recite: "This is considered as an extension of the classroom to a practical project where learning can be enriched and enhanced." In other words, this was on-the-job training for those students enrolled in the carpentry class.

A number of cases have held that the construction and maintenance of playgrounds is a governmental function, one of which cases is Shields v. School District of City of Pittsburgh, 109 Pitts. L. J. 210.

In the case of Ford v. Kendal Borough School District, 121 Pa. 543, the court held that the function of education and the operation of the school plant came within the general classification of governmental functions, and school districts were not liable for torts of their employes in the performance of governmental functions. This is based on the reason that the taxpayers' money should not be used to pay for injuries sustained by students as a result of negligence of the employes of a school district, but rather should be used for the furtherance of the students' education, and, therefore, a school district is an agency of the Commonwealth and shall not be liable for the negligence of its employes.

The present case differs from the case of Hoffman v. Scranton School District, 67 D. & C. 301, where the court held that a school district was acting in a proprietary capacity when they held a football game, and spectators paid an admission fee to said game. There

is nothing in this case to show that the school was receiving any remuneration, or that any admission fees were paid, but rather this was a continuation of the classroom work of the students.

If the students were injured as a result of an instructor negligently mixing chemicals in a chemistry class, certainly there could be no liability on the part of the school district. The present case is the same type of situation only extended to a project outside of the actual class room.

In the case of Carlo v. Scranton School District, 319 Pa. 417, the court held that plaintiff could not recover from the school district for damages sustained as a result of a flag staff, located on school property, falling and inflicting a fatal injury to a student. The attorney in that case argued that the City of Scranton was held liable in a similar case just six months before, and the court in distinguishing that case stated:

". . . we held that a municipal corporation was not immune from liability for injuries caused by its negligence in the maintenance of a public playground. There is a distinction between the liability of a municipal corporation for the negligence of its employes and the liability of an agency of the Commonwealth whose sole purpose is the maintenance and support of the schools within its territorial division."

It is the opinion of this court that this school district was acting in its governmental capacity and that it cannot be held liable for the negligence of its employes. Therefore, the preliminary objections should be sustained, and judgment should be entered for the School District of the Township of Hempfield, Westmoreland County, Pennsylvania, now Hempfield Area School District.

And now, January 7, 1963, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections be

and the same hereby are sustained, and judgment is directed to be entered in favor of the School District of the Township of Hempfield, Westmoreland County, Pennsylvania, now Hempfield Area School District.